Judge Ewing
delivered the opinion of the Court.
Bush’s heirs exhibited their bill in -chancery inthis case against Hampton, as administrator of John Holliday, deceased, who was the administrator of their father, Ambrose Bush, deceased, tor a settlement and distribution of the estate of their -father, that came to Holliday’s hands; and-especially charge, -that a bond of two hundred dollars, executed by P. Hieronymus to said decedent, A. Bush, was not contained in the list of bonds returned by the said Holliday to the County Court, nor •has the same been accounted for by him, or the proceeds thereof distributed -among -the complainants, -but -the same was fraudulently assigned away by said administrator, to one of the complainants, Jeremiah Bush.
The defendants set up and rely on, in bar of this-suit, a previous one, brought by the same complainants against said Hampton, as administrator aforesaid, fora settlement and distribution -of the estate of -said Bush, in which the same matters were involved and finally tried, and upon full hearing the complainant’s bill dismissed. A copy of the record in the former suit, is exhibited in their answer, as a part thereof, -by which it appears that, the -said suit was between the same complainants, or those under whom they claim as privies, against said Hampton as *84 administrator aforesaid, for a settlement and distribution among them, as distributees of the estate of said Bush, deceased, which had tome to the hands of said Holliday, as his administrator; and the said defendants also deny any knowledge of said note on Hieronymus, or that it belonged to said estate of Bush, or was assigned away fraudulently or otherwise, or wás not accounted for.
The judgment or ‘decree of a court i>f competent jurisdiction, iá a good bar to any 'other suit between the same parties, or their privies, upon the same subject mat ter.
Suit by heirs, ágainst the adm’r of their anees ■ tor’s adm’r, for an account, settlement it distribution, in which there was a final 'decree. Thehr’s file a new bill, and charge that a certain b'dn'd due their ancestor, was fraudulently ‘assigned away by bis adm’r, and hot included in any settlement: held, that the for mer suit was a fear, upon this, ,or any oilier Ha. bility of the deft. Upon facts dis covered after the former decree, vfthis was hot só 'there might be a .bill of review— tiot anew suit.
The Circuit Court, on full hearing, dismissed the complainants bill; and they hake brought the case to this Court.
Public policy requires, that limits should be set to the continuance of litigation. Hence it is a well established principle, that the judgment or decree of a Court of competent jurisdiction, between the same parties, of their privies, and about the same subject mutter, is conclusive, and a good bar to anóthér slut, as Jong as it remains in force. Reipublicm interest ut sit ftni’s liliwn. 1 Blarkie on Evidence, Part II, 185.
But to escape the force of this rule; it is contended that; in the former suit, the bond on Hieronymus was not taken into consideration and litigated between the parties. The former suit was for a general settlement of all the accounts of the administrator, and a distribution of the balance due, if any, among the complainants as distributees. The bill contemplated a final settlement of the estate, and was broad enough to embrace all .demands, and each and every item Of demand; in their favor against the said administrator. The whole matter was i'n com troversy, and was litigated generally, and in detail, and must be considered as closed. A contrary principle would result in endless litigation. ^ Bach and every item in an administrator’s account, of of demands against him, might be made the basis of a new suit; and a contrariety of decrees rendered repugnant and contradictory to each other, by the same Court, and spread on the same record.
If new ntalter has been discovered, it may furnish ground for o. bill of review, but not for a separate and distinct suit, to retry the matters involved in the former suit. But in this case, from all that now appears t'o this Court, there does not 'appear ground for u bill of review—th-e *85 bond claimed having been before assigned to one of the complainants, and consequently being within his knowledge, long before the former decree. Much less can there be ground for a new and distinct suit involving the same, matters, before put in issue, at a time when, perhaps, the evidence to prove that the bond was properly disposed of or accounted for, may be dead or removed, or otherwise out of the power of the representative of the administrator to obtain.
The protection of a bar by former decision extends, not only to tlie parties to the former suit and their privies, but to ail those whose liabilities are hut ineiderAai, depending up*, on the liability of a former parity,: e. g. the sft:reties of an adm’r may piead and rely on any former decision, which bars a suit against him (or his representatives) as a good bar for them also.
Again—it is contended, that the parties in the two suits aré different; that the former suit was against Hampton alone, as the administrator of Holliday; and that this is against him, as administrator aforesaid, and Benjamin J. Taul, as the security of said Holliday in his administration bond. We are aware that, as a general rule, the parties in the two suits should be the same, or their privies; and that he who could not have been prejudiced by a judgment or decree in case it was against his interest, cannot avail himself of its benefit in case the determination was in his favor; that there must be mutuality in the rights of parties to use a judgment or decree as evidence. 1 Starkic’s Ev. 196. But there are exceptions to this general rule. Thus it is said in Gilbert’s Law of Evidence 32—“If a virdict be given against the “ defendant on the same point, though another party were plaintiff, yet in some cases it may be given in evidence; — as if there be a trial of title between A, lessee of E “ and B, and afterwards there be a trial of the same title “ between C, lessee of E and B. C may give the vir- “ diet found against B, in evidence upon the trial between “ him and B, for this was the sense of a former jury on ■“ the fact. In which trial, B had the liberty to cross--examine.” So in 1. Starkie on Evidence, 195, it is held “that a verdict against one defendant, is evidence “ of the plaintiff’s right on a second action against the “ same defendant and two others who justified under the — former defendant, for a subsequent injury Affecting the — same right.”
Now, in the present case, the complainants, as in the first case referred to, had a right to cross-examine the witnesses; and as in the last case, though it may not *86 properly be said, that the defendant Taul justified uhdea? the former defendant, yet his responsibility was only incidental, and his complete justification and exemption, from liability, would necessarily result, from the succssful defence of the representative of his principal.
Hampton, the defendant in the former suit, represented Holliday, who was responsible as the administrator of Bush’s estate, and might alone be sued. Taul’s liability was dependent on the responsibility of his principal-, and the complainant had their election to make him a party or not. If they chose not to make him a party t© the first suit, but elected to proceed against the representative of the administrator alone, after a tedious and perplexing contest, and a final decision of the case against them, they surely ought not to be permitted to escape from the conclusiveness of the bar against them, by urging that they had not made Taul, the security, a party to said suit. If so, they might, upon the same process of reasoning, claim the privilege of harrassing the representative of the administrator with as many distinct suits for the same causes of action, as there were securities bound in the administration bond, in violation of the letter and spirit of the maxim, nemo vewari debet bis pro eadcm causa.
The complainants could not proceed against the secu»rity alone, without making the principal a party. And when he is made a party, and an attempt made to harrass him twice for the same cause, he surely is not deprived of the'privilege of relying upon the former suit in bar, because the complainants have chosen to join with him, another who is only incidentally bound, and who cannot be made liable in a separate suit, or in any event independent of the responsibility of his principal.
'If, therefore, the principal may rely upon the bar, so may the security- For if a joint suit should be brought •against both, and the principal should answer and defend 'successfully, and the security should fail to answer, a decree could not be rendered against the latter. For his responsibility is dependent upon the responsibility of the -principal.' So also if he is not made a party, the suc•cessful defence of his .principal is a complete exoneration of him from all responsibility- ,
*87 Sut, if the bond on Hieronymus be regarded as a distinct matter, not litigated in the former suit, and also regarded as the specific ground of the present suit, the answers of the defendants deny all the allegations of the bill in relation to it, and require full proof, and thex’e being no evidence in the cause sustaining the allegations of the bill, the complainants cannot succeed on this ground.
It is, therefore considered by the Court, that the decree of the Circuit Court be affirmed.