Chief Justice Simpson
delivered the opinion of the Court.
Triplett, Hopkins, and Griffith, sold and conveyed to Obadiah Ligón, a tract of land containing four hundred acres, in Henderson county, and took from their vendee a mortgage upon the same tract of land, to secure the payment of the purchase money.
Obadiah Ligón, died without having paid the purchase money. After his death his vendors instituted a suit in chancery, to enforce its payment, by a sale of *284 he mortgaged property. The mortgagor having died unmarried, his mother, brothers, and sisters were his heirs at law, Richard H. Ligón, one of his brothers administered on his estate, and he together with all the other heirs were made defendants to the suit. None of the defendants, entered an appearance, or filed an answer, although they were all regularly served with process. After a monitory decree liad been pronounced, and day given, a final decree was rendered, under which the land was sold, and conveyed to the vendors, they having purchased the land at the sale made by the commissioner. 1'he ssle and conveyance were approved of, and confirmed by the Court.
All wild nre parties to a suit in chancery are concluded by the matters decided in that suit as to Strery character of claims they may have to the matter or thing in contest, and will not be prevented to re-examine their right in a second suit-Mltfords Plead. 145 — (4 Dana 84.)
The purchasers subsequently filed a petition, stating that the defendant Richard H. Ligón, had possession of the land purchased by them and refused to surrender it, and praying for an order requiring him to deliver it to them. He filed a response to the petition denying their right to the possession, upon the ground, that he had a better title to the land, which he did not consider himself called on, to set up and rely upon, in the suit to foreclose the mortgage, as his right to it, was not questioned or put in issue in that suit, and that he did not, and never did claim the land as his to heirs brother. The Court deemed his response insufficient, and ordered him to deliver the possession of the land to the purchasers. From that decision he has appealed to this Court.
The decision of the Court below was correct. The object of the law in requiring proper parties to be made to a suit in chancery, is to put an end to litigation. If the defendant had any other title to the land, than that which he had acquired by descent from the mortgagor, it was his duty to have asserted it in the suit brought to sell the mortgaged properry. All the ques. tions which might have been raised in that suit by any of the defendants, in opposition to the relief prayed for by the complainants, are concluded by the decree rendered therein. Mitfords pleadings 245, Burk's heirs vs Hampton &c., 4 Dana 84. If a party to a suit in *285 chancery, were allowed to hold in reserve, and bring forward on a future occasion, a claim to the property, which was the subject matter of the suit, legal controversy would be interminable. In this particular case, it would be unjust to the purchasers to permit the assertion of such a claim. The defendant remained silent, allowed a decree to be executed, without making known that he claimed to have any other title to the land, than that he acquired as one of the heirs at law of his brother. After this apparent acquiesence in the decree and and sale, it would be inconsistent with well established equitable principles, to permit him to rely upon his concealed title, to defeat or impair the rights of the purchasers.
Harlan for appellant; B. Monroe for appellee.
Wherefore the order requiring the appellant to deliver the possession of the land to the appellees is affirmed.