JUDGE COFEK,
delivered the opinion oe the court.
James W. Davidson was the guardian of his son W. G. Davidson, and while he was such guardian died indebted to his ward. The administrator of the guardian brought suit to settle the estate, which was insolvent, and "W. G. Davidson, then an infant, was made a defendant and served with process. The suit was regularly referred for proof of claims, a report was made and confirmed, and judgment rendered thereon at the February term, 1869, distributing all the assets in the administrator’s hands among the creditors who had proved debts, and between that time and the succeeding August term payments were made according to the directions of the decree. W. G. Davidson attained his majority in May, 1869, but no claim was proved by or for him, although a successor to his former guardian was appointed before the decree of distribution was made.
In January, 1873, this suit was brought by W. G. Davidson against the appellant Stull, who was surety in the bond of James W. Davidson as his guardian, to recover the amount due him. Stull answered, and among other things pleaded the distribution of the entire estate of James W. Davidson, under the judgment in the settlement suit, in bar of the action. He also made his answer a cross-petition against the appellant Sellers, and alleged that Sellers was a creditor of James W. Davidson, and had proved his debt and received thereon nearly one half of the entire estate which came to the hands of the administrator; and prayed, in case W. G. Davidson should recover against him, that he have judgment over against Sellers for a sum bearing the same proportion to the recovery of ~W. G. Davidson that the amount Sellers had received bore to the whole estate.
*169 On final hearing the circuit court rendered judgment in favor of W. G. Davidson against Stull, and in favor of Stull against Sellers, and they have both appealed.
Sections 465 to 473, inclusive, of the Civil Code regulate the proceedings for the settlement of the estates of deceased persons. Section 467 provides for a reference for proof of debts; section 468 provides that a creditor appearing and presenting his claim thereby becomes a party, and is bound by the judgment allowing or rejecting his claim; and section 469 provides that creditors failing to appear and prove their claims, agreeably to the order of reference, shall have no claim against the executor or administrator who has actually paid out the estate in expenses of administration and to creditors, legatees, or distributees.
The administrator of James W. Davidson having paid out the estate in his hands to creditors, is not only discharged by the express provision of the statute, but W. G. Davidson, having been a party to the suit, and befone the court, would, if an adult, be bound by the judgment, and hence clearly could not now maintain an action against the administrator. (Bush v. Hampton, 4 Dana, 83.)
What effect then does the fact that he was an infant when the judgment was rendered have upon the question of the release of the administrator?
It is well settled that, however erroneous a judgment may be, it is not void if the court had jurisdiction; and this rule applies as well to infants as to adults. (Newman’s Pleading and Practice, 57, and authorities there cited; Freeman on Judgments, secs. 151, 152.)
We conclude therefore that the judgment, independent of the statute, discharges the administrator from liability to W. G. Davidson, and that no action can now be maintained against him to recover any thing due from the intestate to his sou.
*170 What then is the effect of the release of the administrator from liability?
' If the administrator was still liable to be sued, Stull would have a right, upon satisfying the judgment against him, to proceed against the administrator for indemnity; but the administrator, not being liable to be sued by Davidson, could not be sued by Stull, who, upon paying the judgment, would simply be substituted to the right of the creditor whose debt he had paid.
If two or more are jointly or jointly and severally bound, and the obligee releases one of them, all are discharged. But this rule does not apply where the release is not the voluntary act of the plaintiff, as, for instance, if one of two who owe jointly either a debt or compensation for a wrong be discharged by operation of law, without the concurrence or consent of the party to whom the debt or compensation is due, he does not thereby lose his right to enforce his claim against those not discharge^.
But it is said that if the discharge by operation of law is at the instance of the plaintiff, or be caused by him, it then operates as a discharge of the other debtors. (1 Parsons on Contracts, 25, 26.)
It would seem therefore that the decision of the question under consideration must depend upon the further question whether the release of the administrator was cáused by W. G. Davidson or by him and his then guardian. Neither preferred any claim or did any act to release the administrator; but Davidson was a party to the suit, and the release resulted from his non-action. Infants are not ordinarily prejudiced by their failure to act; but when sued and brought before the court a judgment against them, as we have already seen, is just as valid and as effectual, so long as it remains in force, as if they were adults.
We are therefore of the opinion that the remedy of W. G. *171 Davidson was, by proceedings under section 579 qf the Civil Code, to vacate the judgment of distribution, and that he can maintain no action on the guardian’s bond while that judgment remains in force.
Being bound by the judgment in the settlement suit so long as it continues in force, its effect is precisely the same as if, being of full age, Davidson had upon sufficient consideration executed to the administrator of his father’s estate an acquittance for the debt sued for.
Wherefore both judgments are reversed, and the cause is remanded with directions to dismiss the petition and cross-petition.