DICKINSON *v.* LAMOILLE COUNTY NAT. BANK and others.

*(Circuit Court, D. Vermont.* July 14, 1882.)

MORTGAGE—FORECLOSURE—RIGHTS OF ATTACHING CREDITOR.

An attaching creditor, on an attachment made before proceedings to foreclose, is a proper party to the proceedings, and is not bound by the decree unless made a party to the suit, and he acquires a right to redeem the mortgage or submit to be foreclosed; but where neither he nor the debtor redeems, he loses his right and it is foreclosed as to him, and he is not entitled to the benefits of any agreement made by the debtor affecting the decree.

In Equity.

*William H. Dickinson,* for orator.

*Philip K. Gleed,* for defendant.

WHEELER, D. J. This cause has been submitted on bill, answers, replication, proofs, admission of facts, and briefs. From the pleadings, proofs, and admission it appears that the orator was the owner of a note against one Griswold, on which suit was brought in the name of the defendant Heath; and among other real estate of Griswold a farm was attached subject to a mortgage to one Wheelock, then being foreclosed; that subsequent to the attachment a final decree of foreclosure was entered that unless the mortgage debt should be paid in instalments, at certain times fixed, Griswold and all persons claiming under him should be foreclosed and forever barred of all equity of redemption in the premises; that afterwards Griswold became largely indebted to the defendant bank, and after paying all the instalments of the foreclosure but the last two, executed a mortgage to the bank of all the real estate to secure that indebtedness; that at the solicitation of Griswold, and for the purpose of aiding him, the bank entered into an agreement in writing with him, by the terms of which, in consideration of certain payments made and to be made at specified times by him, the bank agreed to assign all its claims and securities to the attorney of Griswold, and in case it should become the owner of Wheelock's decree to assign that also, on payment of what the bank should pay for it, with interest, and that in case the several sums should not be paid by the time stated the bank assumed no obligation by the contract; that the bank paid the amount of the instalments due to Wheelock and took the decree. The first payment to be made by Griswold under the agreement was after the expiration of the time of redemption in the decree. Griswold made a part of the payments, but not all of them, and finally the bank took possession of all the premises and sold them to the

defendant Hendee, who sold one-half and afterwards the other to the defendant Paige, who paid a large part of the purchase money, and more than the amount of the Wheelock decree paid by the bank, without any notice or knowledge of the agreement between the bank and Griswold. Judgment was recovered in the suit in the name of Heath against Griswold, and the land covered by the decree was levied upon subject to the Wheelock mortgage, appraised at the amount due on the last two instalments, and set out to the creditor in satisfaction in part of the judgment. This bill is brought by the orator as equitable owner of the judgment, and of the right to the land set off to satisfy it to redeem the land from the Wheelock mortgage. There is no question about the regularity of the foreclosure proceedings, or of the judgment, or of the proceedings in levying upon and setting out the land to the creditors, nor as to the right of the orator to the judgment and its avails. The sole question is as to the right to redeem.

As the foreclosure proceedings were pending against Griswold when his right was attached, Heath and the orator, in whose right the attachment was made, were affected by them the same as if they had been made parties to them. Story, Eq. §§ 405, 406. The attaching creditor, if the attachment had been made before the commencement of the proceedings to foreclose, would have been a proper party to the proceedings, and would not have been bound by the decree without being made a party. *Chandler* v. *Dyer*, 37 Vt. 345; Gen. St. Vt. 1878, p. 841. The proceeding by attachment was *in invitum*, and by it the orator, through Heath, acquired a right independent of Griswold to redeem the mortgage, and by the decree he became bound to redeem it according to the decree, if he would save his right to the equity of redemption acquired by the attachment. Griswold had the right to redeem or not as he might be able or see fit; the orator had the right to redeem or not as he might see fit. If either redeemed it would be redeemed, and respective rights would take place accordingly; and if neither redeemed both would be foreclosed. Neither did redeem, and their respective rights became affected accordingly, except as varied by other circumstances. It is claimed by the orator that the agreement to take what the decree cost, after its expiration, opened the decree as to all parties. It is probably true that it did open the decree as to Griswold. It substituted a new agreement of the parties in place of the decree. By that agreement, if he paid, he was to have the premises. That was like the agreement in the original mortgage, by which, if he paid, he was to have the premises.

The original mortgage had to be foreclosed to cut off his right to redeem that, notwithstanding his failure to pay, and this agreement might have to be foreclosed anew to cut off his right to redeem, notwithstanding his failure to pay according to that. *Cooper* v. *Cole,* 38 Vt. 185.

The question remains, however, whether this agreement made with Griswold would open the decree as to the orator, who had no part in making the agreement. Had Griswold redeemed, the mortgage would have been removed from the estate and left it free as to that for the orator to levy upon; but that result would have followed from the fact of the redemption and not from the force of the agreement. Had the orator redeemed the decree, he could have stood upon it in his own right. *Wheeler* v. *Willard,* 44 Vt. 640. As no one redeemed it, he lost his right; it was foreclosed as to him. As a further foreclosure was made necessary only by the agreement, it would only be necessary as against the parties to the agreement. The new agreement was made with Griswold for his own benefit; the orator had nothing to do with it, and shows no ground for claiming that it was for his benefit, or for claiming the benefit of it. And further, if it could be said that as the orator is bound by the decree under Griswold, he should be entitled to the benefits of the agreements of Griswold affecting the decree, it would have to be said still further that, if he would take Griswold's agreement to stand upon, he must take it in all its parts as Griswold made it. Griswold was foreclosed, except for the effect of the agreement. He acquired no right to redeem except by the terms of the agreement. Should he bring a bill to redeem, it would have to be founded on the agreement. The orator can have no greater right than that. But he has not brought his bill, and does not by it offer to redeem according to that. He claims the right to redeem that parcel of the whole, and to have the benefit of that part of the agreement and let the rest go. Such a result would be highly inequitable. Still further, this purely equitable right to redeem cannot in equity be enforced against the purchasers of the legal estate without notice. The bank had the full legal title appearing of record, and had possession at the time of Hendee's purchase. This agreement did not appear of record. The proof not only fails to show that Hendee had heard of it, but shows affirmatively that he had not heard of it. The orator, therefore, has no right to redeem against him and his grantee.

Let a decree be entered dismissing the bill, with costs.