LEA v. WOODS ET AL.

SAME v. STEVENS ET AL.

1. **Dower**: HOW AFFECTED BY DECREE AGAINST HUSBAND ALONE. Wherever the wife's interest in real estate has once attached, and the question is as to whether it has been divested or otherwise affected, a party asking affirmative relief on the theory that it has should make her a party to the action brought to determine such question; but where a judgment or decree against the husband alone shows that he never had any interest in which his wife was dowable, she is bound by such decree, though not a party to the action. It is accordingly *held* that these actions for the admeasurement of dower were barred by a former adjudication against plaintiff's husband, in which it was determined that his only interest in the land was that of a mortgagee, though he held the legal title to it.

*Appeal from Van Buren Circuit Court.*

FRIDAY, OCTOBER 23.

THESE actions are submitted together as involving substantially the same question of law. They are actions in equity for admeasurement of dower. The plaintiff has died since the commencement of the actions, and her administrator has been substituted. At the time she commenced the actions she was the widow of Claiborne Lea, who died in 1871. In 1838 he derived title by patent from the United States to a quarter section of land in Van Buren county. The defendant Woods now claims to own the south half, and the defendant Stevens the north half. In 1850, Claiborne Lea, in an action brought against him by one Kaster, became divested of the title, and the title was vested in Kaster. The defendants claim under Kaster. The plaintiff, though the wife of Claiborne from a time prior to the commencement of Kaster's action, was not made a party. The court held, nevertheless, that she was barred by the decree, and dismissed her petition. She appeals.

*Sloan, Work & Brown* and *Lea, Wherry & Walker,* for appellant.

*Charles Baldwin, Stiles & Beaman* and *Johnson & Topping,* for appellee.

ADAMS, J.—In the action brought by Kaster against Lea, the court found and decreed that the defendant Lea took the title merely as mortgagee; that Kaster was, in equity, the owner of the land, and was entitled to redeem. If the fact· was as the court found and decreed, Claiborne Lea never had any interest in the land in which the plaintiff was dowable, or in which she has become entitled to a distributive share. In the case at bar, no evidence of such fact was introduced, except the decree, and the question presented is as to whether the plaintiff, not having been made a party to Kaster's action, was so affected by the decree that it was properly admissible as evidence against her. Wherever the wife's interest has once attached, and the question is as to whether it has been divested or otherwise affected, a party asking affirmative relief on the theory that it has should make her a party to the action brought to determine such question. But the case, we think, is materially different where a judgment or decree against the husband shows that he never had any interest in which his wife could have dower or a distributive share. The principle involved in such case is not materially different from .that in many others involving the question of title. Take the case of an ordinary action to quiet title. If the decree is based upon a finding that the unsuccessful party never had a beneficial interest in the property, the wife of such party, whether he be plaintiff or defendant, would be bound by the decree. Again, as a further illustration, sup-- pose that Kaster, in the action brought by him, had failed, either for want of evidence or otherwise, no one would claim that his wife, if he had one, would not have been bound by a decision on the merits, regardless of its correctness. It is.

true, her case would differ from the plaintiff's in this, that the plaintiff's husband held the legal title; but that was only *prima facie* evidence that he had an interest in which his wife was dowable. The point we are endeavoring to make is that a wife may be bound by an adjudication against her husband to which she is not a party, as would appear from this very case, if the decision had been against Kaster under the circumstances supposed. Now, where a wife becomes bound by a judgment or decree, it matters not what evidence there may be for her.

One or two minor considerations remain to be noticed. Kaster had taken Lea's bond for a deed. The bond provided that Lea, upon being paid, should convey by deed of general warranty, and shows that he was a seller and not a mortgagee. It may be conceded that this would be a circumstance tending to so show; but it is one which addressed itself exclusively to the court which was called upon to adjudicate the question of Lea's relation to the land. Whether that adjudication was right or wrong, it is not subject to our review.

The decree itself, however, followed the bond, and provided that Lea should convey with covenants of general warranty. It is said that this shows that the court regarded Lea as a seller and not a mortgagee. But, looking at the decree as a whole, it appears to us otherwise. The language of decree is: "The court finds that the rights of said Kaster are those of a mortgagor, and the rights of said Lea are those of a mortgagee." The language is too clear and explicit to leave any room for doubt. In our opinion the judgment of the court below must be

AFFIRMED.