## Illinois National Bank v. Trustees of Schools.    (Two cases consolidated.)

1. INTEREST—*section 9, of chapter 74, concerning, construed.*    Section 9 of chapter 74, entitled " Interest," merely fixes the time when interest shall be computed, and does not supply an omission to make interest payable annually or otherwise.

2. INTEREST—*when payable upon construction of a particular note.* The words, " with the privilege of paying one or more thousand at interest date," supplies an omission to make interest payable at a particular date, and such interest in a note containing such language is payable annually.

3. FORECLOSURE—*when right of, cannot be challenged.*    A defendant who has answered a bill to foreclose without questioning the right to declare the entire debt due for default in the payment of interest, cannot raise such question for the first time on appeal.

4. SUPPLEMENTAL BILL—*when the question of whether a, is germane*

# 190 APPELLATE COURTS OF ILLINOIS.

*cannot be raised.* The question of whether a supplemental bill is germane to the original bill cannot be first raised on appeal.

5. ADVERSE TITLE—*when not set up in foreclosure.* A defendant to a bill to foreclose who answers averring a prior judgment lien does not thereby set up an adverse title.

6. DISMISSAL—*when, may be required of complainant.* It may be that where a defendant to a bill to foreclose sets up an adverse title the complainant may be required to dismiss his bill.

7. DEFENSE—*duty to interpose.* When a party is made defendant to a bill to foreclose under an allegation that he has, or claims to have some interest in the premises inferior to the mortgage, it is the duty of such defendant to set up his interest by way of answer and establish it by proof.

8. DECREE—*when not disturbed.* A decree which recites that the material allegations of the bill are true, will not be disturbed upon a question of fact in the absence of a certificate of evidence.

9. REDEMPTION—*junior mortgagee's right of.* A junior mortgagee, or his assignee, has a right to redeem from a foreclosure sale at any time within twelve months from the date of such sale, where such mortgagee was a party to the foreclosure proceeding and his lien was recognized by the decree therein.

10. REDEMPTION—*judgment creditor's right of.* A judgment creditor, so long as he has permitted his right to exist in judgment only, can redeem from a foreclosure sale, whether his lien be prior or subsequent to that of a junior mortgagee, only after the expiration of twelve months and within fifteen months from such sale. If, however, such judgment creditor causes a levy and sale to be made by virtue of his judgment, he is then entitled to redeem within twelve months from the date of such a sale.

11. REDEMPTION—*effect of depositing money for.* The assignee of a junior incumbrance, who, within the time allowed by statute, deposits the amount of money bid for the premises at a foreclosure sale, with interest, thereby renders the certificate of purchase null and void, and becomes subrogated to the rights of the original purchaser, subject to the obligation to sell the premises under his decree.

12. REDEMPTION—*distribution after.* Where a junior mortgagee redeems from a foreclosure sale, and thereafter a sale is made pursuant to such redemption, and such junior mortgagee bids at such sale the amount which he had previously deposited with the master for redemption, together with such additional amount as he considered the value of the property justified, and has paid the costs in cash and there is no excess over and above the amount due him under his decree, there remains nothing for distribution.

Bill to foreclose. Appeal from and error to the Circuit Court of Montgomery County; the Hon. WILLIAM FARMER, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed December 18, 1903.

Brown, Wheeler, Brown & Hay, for appellants and plaintiffs in error.

Lane & Cooper, for appellees and defendants in error.

Mr. Justice Baume delivered the opinion of the court.

On December 19, 1894, L. A. Thomas executed two mortgages, one on the north-east quarter and one on the south-east quarter of section 3, township 12, north, range 5 east, in Montgomery County, Illinois, to James B. Russell, to secure the payment of two notes, each for the sum of $5,000, which notes were subsequently assigned to the Mutual Benefit Life Insurance Company.   On the first day of July, 1897, the Illinois National Bank recovered a judgment against Thomas for $7,101.35, upon which judgment an execution issued on July 2, 1897.   This judgment the bank assigned on March 14, 1899, to Edgar S. Scott, and Scott assigned on July 10, 1900, to Presley M. Johnston.   On July 2, 1897, Thomas executed a mortgage on the lands above described, together with other lands, to the Trustees of Schools of township 12, range 5, to secure the payment of a note for $13,000, payable five years after date, with six per cent interest from date, which mortgage was filed for record July 5, 1897.   On July 26, 1900, the Mutual Benefit Life Ins. Co. filed bills to foreclose its mortgages and made the Trustees of Schools, the Illinois National Bank and Johnston, parties defendant, under the general allegation that they had or claimed to have some interest in the mortgaged premises, but that such interest, if any, accrued subsequent to the lien of its mortgage.   The proceedings were subsequently dismissed as to the Illinois National Bank; Johnston was defaulted, and the Trustees of Schools filed answers setting up their mortgage; decrees of foreclosure were entered in which the amount due the Trustees of Schools was ascertained.   On December 19, 1898, the Trustees of Schools filed a bill to foreclose their second mortgage, making the Illinois National Bank, Scott, Johnston, and other mortgage lien holders and judgment creditors, parties defendant.   The bill averred default by the

mortgagor in the payment of interest on the note when due and complainant's election, under the terms of the mortgage, to declare the whole amount of principal due and payable. The Bank answered, setting up its judgment of July 2, 1897, as a lien on the premises prior to the mortgage lien of the Trustees of Schools. On April 5, 1899, the Trustees of Schools filed a supplemental bill, setting up the non-payment of taxes by the mortgagor on the mortgaged premises, and that by the terms of the mortgage, such failure to pay the taxes rendered the whole amount of principal and interest due and payable; and defendant Johnston filed his answer to such supplemental bill. Pending the foreclosure of this mortgage, other foreclosure proceedings were instituted by certain mortgagees whose mortgages were liens on portions of the same property, and these were consolidated with the suit of the Trustees of Schools, and as consolidated, the several causes proceeded to final hearing, and a decree of foreclosure was entered February 8, 1901. This decree foreclosing the mortgage of the Trustees of Schools contains the recital that the cause came on for final hearing upon the bill, answers and replications, and the report of the master and oral evidence heard in open court, and finds the allegations of the bill to be true; that the mortgagor has made default in the payment of the interest due on the note, and that the complainants, under the provisions of the mortgage, had elected to declare the whole amount of principal and accrued interest due and payable; that the mortgagors had made default in the payment of taxes on the mortgaged premises and that complainants had paid the same, and that such failure to pay the taxes, had, by the terms of the mortgage, rendered the whole amount of principal and accrued interest due and payable; that the Mutual Benefit Life Ins. Co. has a prior lien on the east half of section 3, and that the interest claimed in said premises by Presley M. Johnston was acquired since the mortgage to complainants, and is subject thereto.

Sales under the two decrees of foreclosure in favor of the

Mutual Benefit Life Ins. Co., were had on February 2, 1901, at which sales one Wallace P. Spalding became the purchaser for the amount of debt and costs, and certificates of purchase were issued to him by the master in chancery, and the master's reports of such sales subsequently approved and confirmed.

On January 8, 1902, the Trustees of Schools assigned all their interest in the decree of foreclosure rendered against Thomas in the consolidated cause above mentioned, to one G. J. Little, and on the same day the said Little, as assignee of said decree, paid to the master in chancery the sum of $12,845.89, in redemption of the premises from the two sales under said decrees in favor of the Mutual Benefit Life Ins. Co., and the master issued to said Little certificates of redemption from said sales. The master in chancery then proceeded to advertise the said premises for sale under the decree of February 8, 1901, then assigned to said Little, and on February 10, 1902, sold the same in separate quarter sections to said Little, upon his bid therefor of $24,000, and issued to said Little certificates of purchase for said lands. On April 11, 1902, the master in chancery filed his report of sale under said decree, reciting that in pursuance to said decree and in pursuance of the redemption by G. J. Little of said premises, from sales, under prior decrees in favor of the Mutual Benefit Life Ins. Co., he sold the same to said Little for $24,000; that the amount required for redemption was $12,916.53; that the amount due on the decree was $12,913.43; that with costs added, the total amount due for redemption and on the decree was $26,025.95, leaving a deficiency of $2,035.95, if said Little was entitled to be paid the amount deposited by him for redemption with interest, and if said Little was not entitled to be repaid that amount, then his bid amounts to $10,880.58 more than the amount due on said decree with interest and costs; that Little paid the costs, and that he (the master) executed certificates of purchase and took Little's receipt for $23,812.01, being the amount of his bid, less costs.

To this report of the master, exceptions were filed by

Presley M. Johnston and the Illinois National Bank, as assignee and assignor, respectively, of the judgment in favor of the Illinois National Bank, as follows: 1st, that the report shows that the bidder has not complied with his bid; 2nd, that the master should have in his hands $10,880.58, being surplus over and above the amount of the decree, interest and costs in the case of Trustees of Schools v. Thomas; 3rd, that the report shows that the master allowed as a payment on said bid, the sum of $12,916.53, said to have been paid by Little to redeem from a prior judicial sale, without stating the suit in which said prior sale was made; 4th, that said report shows that said master took the receipt of Little for $23,812.01, being the amount alleged to have been paid by him to redeem from said prior sale and the remainder to apply on the decree in favor of the Trustees of Schools, of which said Little was assignee, and that he brings no money into court for distribution according to the respective liens that may exist against the property sold; 5th, that it does not appear that the alleged redemption was made by a judgment creditor, but that it was made by the assignee of a subsequent incumbrancer, and that the payment of the sum for which the land was previously sold simply removed the lien of said sale and gave to the assignee of said decree no superior lien to that of Johnston; 6th, because the lien of the judgment assigned by the bank to Johnston was and is superior to the lien of the mortgage to the Trustees of Schools, and no credit should have been allowed on said decree as against said judgment; 7th, that upon the payment by said Little of his alleged redemption, said prior mortgage incumbrance was only cleared thereby and the said lands became subject to the lien of Johnston's judgment, as next in priority.

Upon the hearing of these exceptions to the master's report of sale, the exceptions were overruled and a decree entered by the court approving such report, and finding that Little, as assignee of the mortgage and decree in favor of the Trustees of Schools, had a lawful right to redeem from the sales under the decree in favor of the Mutual Benefit

Life Ins. Co.; that he made such redemption for his own benefit as a *bona fide* assignee of the mortgage and decree in favor of the Trustees of Schools; that the rights of all the parties thereto were fully considered and settled as to the premises in question by the former adjudication of the court, as appears by the decree under which said sales was made; that Little is the lawful owner of the certificate of redemption and sale, and if no redemption is made therefrom, the master execute to him a deed to the premises in question, vesting in him the fee simple title thereto. From this decree, the Illinois National Bank and Presley M. Johnston have appealed to this court.

The same parties also here prosecute their writ of error to the Circuit Court of Montgomery County, to review the proceedings and decree in the suit of the Trustees of Schools v. Thomas, et al.

On motion of appellants and plaintiffs in error, the cases in this court were consolidated, and are to be considered and determined, as one.

We shall consider in the first instance, the questions involved in the writ of error, as relating to the prior proceedings and decree. It is urged by plaintiffs in error, that the bill for foreclosure filed by the Trustees of Schools is defective and does not allege any grounds for relief, in that the interest upon the note secured by the mortgage sought to be foreclosed was not payable annually; that the mortgagor was therefore not in default in its payment and no right accrued to the mortgagees to elect to declare the whole amount of the note due and payable. The bill alleges that Thomas, being indebted to complainants in the sum of $13,000, on July 2, 1897, executed his promissory note for said sum payable to complainants, five years after date, with six per cent interest from date, with the privilege of paying one or more thousand at interest date. The bill filed December 19, 1898, was predicated upon the theory that the interest for the first year was due July 2, 1898, and the maker having made default in its payment, the payee has exercised the right of election to declare the whole amount

of the note due and payable, and the bill so averred, and that such note was thereby in fact due and payable.

It will be observed that the note does not state the period of time for which the rate of interest at six per cent is to be calculated. The statute, section 9, chapter 74, however, supplies this lack and authorizes the calculation of interest at six per cent per annum, or by the year. Defendants in error insist that this section of the statute may be made available to fix the time when the interest shall be payable and that the addition of the words, " per annum," or, " by the year," as authorized by the statute, makes the interest payable annually. This contention is not sound. The words, " per annum," or, " by the year," can only be added for the purpose designated by the statute, namely to determine the period of time for which the rate of interest is to be calculated, and not to fix the time when such interest, so calculated, shall be payable. Whether the interest is payable annually is to be determined by construction of the language employed in the note, and we are of opinion that this note should be so construed as to require the payment of the interest annually. The words, " with the privilege of paying one or more thousand at interest date," as written in the note, were evidently used for a purpose, and are to be given such reasonable construction as will make them effective as a part of the contract. If the expression, " interest date," does not relate to the time when interest is payable, then the privilege to the maker of paying one or more thousand upon the principal of the note amounts to nothing, because it is only available at such " interest date." By " interest date," the parties evidently meant the end of each year succeeding the date of the note, to which time the interest was to be computed and payment then made. Even if this construction of the note is not tenable, plaintiffs in error cannot raise the question for the first time in this court. They answered the original bill, to which copies of the note and mortgage were attached and made a part, without challenging the right of complainant to relief upon the ground now urged.

It is also urged by the plaintiffs in error that the supplemental bill filed by complainant April 5, 1899, averring the non-payment of taxes by the mortgagor as a ground for foreclosure, was not germane to the original bill, and therefore improperly filed. It is a sufficient answer to this contention to say that plaintiffs in error answered such supplemental bill without raising the question and did not otherwise object thereto in the Circuit Court, and they must be deemed to have waived it. Van Wert v. Boyes, 140 Ill. 89.

It is contended by plaintiffs in error that upon the filing of its answer by the Illinois National Bank, setting out its judgment against Thomas and averring that such judgment was a prior lien to that of complainants' mortgage, it became and was the duty of the court to require complainants to dismiss their bill as to the bank. If the answer of the bank had set up an adverse title to the premises, proper equity practice might have required that the bill be dismissed as to it, but the mere allegation that it had a prior judgment lien did not amount to the assertion of an adverse title. Complainants did not admit that the bank had a judgment lien prior to the lien of its mortgage, but filed a replication to such answer putting the bank upon proof, and the record does not show that proof of the judgment was offered on the hearing. Where a party is made defendant in a bill to foreclose, under an allegation that he has or claims to have some interest in or lien on the premises which is inferior to the mortgage, it becomes his duty to set up his interest by way of answer and establish it by proof. Kehm v. Mott, 187 Ill. 519.

Again the decree recites that the chancellor heard oral evidence in open court upon the final hearing of the cause, and finds that all the material allegations in complainants' bill are true as alleged, and that the interest claimed in said premises by Presley M. Johnston (then the assignee of the bank judgment in question) is subject to the lien of complainants' mortgage. The record contains no certificate of the evidence heard and considered by the court, and in the

absence of such certificate, a decree finding facts sufficient to support it, will not be disturbed.

"It is sufficient to uphold a decree in chancery that the facts as found by the court from the evidence are recited in the decree, and such finding must be taken as true when the evidence has not been preserved in the record." University of Illinois v. Globe Bank, 185 Ill. 514; Richardson v. U. S. Mortgage Co., 194 Ill. 259.

The appeal brings up for review the decree of the Circuit Court approving the master's report of sale made under the decree of foreclosure in the case of The Trustees of Schools v. The Illinois National Bank, et al., entered February 8, 1901, and involves the right of appellee Little, as the assignee of such decree, to redeem from the prior sale of said premises under the decree in favor of the Mutual Benefit Life Ins. Co.

Appellees, the Trustees of Schools, were party defendants in the foreclosure suit brought by the Mutual Benefit Life Ins. Co., and filed their answer setting up their junior mortgage, subsequently foreclosed. As junior mortgagees, the Trustees of Schools had a right to redeem from the sale under the prior mortgage, within twelve months after said sale, such junior mortgage being a specific lien on the mortgagor's equity of redemption in the premises, and this right of redemption was recognized in and awarded to the Trustees of Schools in the decree foreclosing the mortgage to the Mutual Benefit Life Ins. Co. Having such right of redemption under said decree and by virtue of the statute, (section 18, chapter 77), the Trustees of Schools assigned the decree for foreclosure, rendered in their favor on their junior mortgage, to appellee Little, who then became entitled to redeem from the prior sale within twelve months. Ogle v. Koerner, 140 Ill. 170.

Assuming the judgment lien of appellant Johnston to have been prior in time to that of the mortgage to the Trustees of Schools, he was not entitled to redeem until the expiration of twelve months and within fifteen months after said sale, so long as he permitted his right to exist in judgment only. The judgment was only a general lien on the

mortgagor's equity of redemption and gave Johnston no right to redeem within twelve months. He could, however, have made his judgment a specific lien on the land in question, by levy and sale, whereupon he would have stood in the shoes of an assignee of the mortgagor, and entitled to redeem as such from the prior sale within twelve months.

The sale under the decree foreclosing the prior mortgage to the Mutual Benefit Life Ins. Co., realized only the amount of the decree and costs, and except that junior incumbrancers or judgment creditors redeemed, their rights and interests would be at an end. The court found, and we think properly, that Little redeemed for his own benefit and as a *bona fide* assignee of the mortgage to the Trustees of Schools. Before the expiration of twelve months, Little deposited with the master the amount of money bid for the premises at the sale under the prior mortgage, with interest, and received from the master a certificate of redemption therefor. This operated under the statute to render the certificate of purchase executed to the purchaser at such prior sale, null and void, and Little became subrogated to all the rights of such purchaser, under the obligation, however, if he desired, to preserve those rights, to sell the premises under his decree. Ogle v. Koerner, *supra;* Oldfield v. Eulert, 148 Ill. 614.

If such redemption had been made by the mortgagor or for his benefit, the premises would still remain subject to the lien of subsequent incumbrances or liens, but not so, when a junior mortgagee, or his assignee, or a judgment creditor, redeems for his own benefit. After redemption by Little, the master proceeded to advertise and sell the premises under the decree in favor of the Trustees of Schools, theretofore assigned to Little, and at the sale thereunder Little bid, as he was bound to do to protect himself, the amount he had previously deposited with the master for the redemption, together with such additional amount as he considered the value of the property justified, in all $24,000. He paid the costs in cash, and there being no excess above the amount due him under his decree, he was entitled to credit

thereon, for the remainder of his bid above the amount paid to redeem, and no money properly came into the hands of the master for distribution.

It was adjudicated in the decree for foreclosure in favor of the Trustees of Schools, that the interest of appellant Johnston in the premises was inferior to that of appellees, and what we have heretofore said on the branch of the case before us on writ of error, determines that such adjudication cannot be impeached on the record, as it comes to us. The appellants therefore are in no position to complain, because the property in question has been sold in satisfaction of a prior incumbrance.

This opinion might be extended to much greater length in the discussion of numerous other questions raised by counsel, but the views here expressed dispose of the controlling issues involved.

We find no reversible error in the records and the decrees of the Circuit Court will be affirmed.

*Affirmed.*