ROBERT M. STITT and Another v. ELIZABETH M. SMITH.[1]

November 1, 1907.

Nos. 15,338—(85).

**Wife's Interest in Husband's Estate.**

During the life of the husband the interest of the wife in his estate is in no sense a vested one, growing out of the marriage contract, but a mere expectancy, or possibility, incident to the marriage relation, contingent upon her surviving the husband.

**Same—Res Judicata.**

The wife is not a necessary party to an action brought against the husband for the purpose of having determined that the husband held the title to certain real estate as mortgagee, and not as owner; and, judgment having been entered in such action to that effect, the wife is bound by the decree, and is not entitled to litigate the same question in another action, subsequently brought against her, for the purpose of removing an apparent cloud to the title.

Action in the district court for Itasca county to determine adverse claims to certain timber lands. From an order granting plaintiffs' motions to strike out the answer as false, frivolous and sham, defendant appealed. Affirmed.

*Baldwin, Baldwin & Dancer* and *R. R. Briggs,* for appellant.
*H. B. Fryberger,* for respondents.

LEWIS, J.

In 1901 plaintiffs commenced an action against the Rat Portage Lumber Company and P. A. Smith, the husband of appellant, to have certain deeds declared to be mortgages and for permission to redeem. The decision of this court on that appeal will be found in Stitt v. Rat Portage Lumber Co., 96 Minn. 27, 104 N. W. 561. Thereafter, in 1905, judgment was duly entered in the district court. In pursuance of the judgment plaintiffs in that action applied to the trial court to be allowed to pay the redemption money, $66,752.41, and in accordance with the order of the court the money was paid to Mr. Smith

[1] Reported in 113 N. W. 632.

through a depositary, and the judgment was satisfied. Plaintiffs in that action, having by such proceedings become the owners of the land in question, attempted to sell the timber standing thereon, and objection was raised that title was imperfect by reason of the fact that Mr. Smith's wife, appellant herein, had not been made a party to the action, which fact threw a cloud upon the title.

Thereupon the present action was commenced against Mrs. Smith for the purpose of determining her right, title, and interest in the property. The complaint set forth the facts above stated, and alleged that the premises were vacant and unoccupied, and that Mrs. Smith claimed some right, title, and interest therein by virtue of being the wife of Mr. Smith. Mrs. Smith answered, and alleged that the lands in question had been purchased by Mr. Smith in 1899, that he was the owner thereof in fee simple, that she had never joined with her husband in any deed or instrument conveying the lands in question, and that she had never been made a party to any action determining the validity of Mr. Smith's ownership therein, and denied, upon information and belief, all of the allegations of the complaint with respect to the character of Mr. Smith's title, the pendency of the suit to determine his title, the judgment of the court, the redemption by the plaintiffs, and payment of the money to Mr. Smith, the receipt thereof by him, and the satisfaction of the judgment. Plaintiffs moved to strike out the answer upon the ground that it was sham and frivolous, and the trial court ordered it stricken out as sham. From the memorandum of the court it appears that the only question submitted and argued upon the motion was whether or not Mrs. Smith was estopped by the former judgment entered against her husband, and the court based its decision upon the ground that she was so estopped.

Appellant having seen fit to submit the case upon the one question of law considered by the trial court, we will not consider whether, strictly speaking, the answer was improperly stricken out as sham.

The argument of appellant is based upon a misapprehension of the nature of the so-called "dower interest"— the statutory interest which a wife has in the real estate of her husband prior to his death. In the late case of Griswold v. McGee, supra, page 114, 112 N. W. 1020, the whole subject of the nature of dower right is reviewed, and at-

tention is called to the case of Guerin v. Moore, 25 Minn. 462, where the court approved of the definition given by the supreme court of the United States in Randall v. Kreiger, 23 Wall. 137, 148, 23 L. Ed. 124, as follows: "During the life of the husband, the right is a mere expectancy or possibility. In that condition of things the lawmaking power may deal with it as may be deemed proper." In Morrison v. Rice, 35 Minn. 436, 29 N. W. 168, the court said: "Dower is not the result of the marriage contract, but is a provision which the law makes, founded on public policy, for the benefit of the wife, as an incident to the marriage relation, and contingent upon the seisin and death of the husband." That the interest is not a vested one, but purely contingent upon the death of the husband, has been repeatedly announced in many decisions of this court, as will appear from the opinion in Griswold v. McGee, supra. If the wife has no vested interest in the estate of the husband during his lifetime, and her inchoate interest becomes vested only upon his death, it follows that she has no right, title, or interest which gives her standing in a court of law to assert it, except in those cases specifically provided by statute.

Appellant's husband held the title of certain lands conveyed to him by virtue of certain deeds, not as owner, but in trust, the deeds to operate as mortgages; the lands being subject to redemption. These facts are fully set out in the complaint and are admitted by the answer, and the only legal question presented by the answer is whether, the court having determined in the preceding action that the husband in fact held the property in the capacity of mortgagee, and not as owner, the wife has any standing in this action to assert that the deeds were not mortgages, but deeds in fact, and thus litigate the same question which was determined in the previous case.

This is not a case where the husband has attempted to transfer real estate which he actually owned without the wife's consent. It is not a case where fraud or collusion is claimed to exist between the husband and other parties for the purpose of defrauding the wife of her possible interest in the husband's estate. If the husband never had any interest in the real estate, as determined by the court, she is bound by the judgment by virtue of her relation to her husband. She was not a necessary party in the original action, because she had no vested

interest; and the fact that respondents have seen fit to commence this action to remove an apparent cloud from the title does not admit that she has any interest whatever in the premises, or that there is in fact any such cloud. The right of the wife to litigate the nature of her husband's title in a case like this is analogous to a case where an action is brought against a husband alone to determine adverse claims of title to real estate, and the decree of the court is entered to the effect that he has no interest, and the wife afterwards attempts to test the same question. In Lea v. Woods, 67 Iowa, 304, 25 N. W. 255, the question was squarely decided that the wife was bound by the decree against her husband. Our decision is not in conflict with Minneapolis & St. L. R. Co. v. Lund, 91 Minn. 45, 97 N. W. 452. In that case the husband had conveyed his real estate, the wife not joining, and the grantee brought an action against the husband and wife to quiet title, and it was held that the wife, having been made a party to the action, was authorized to defend and assert her inchoate contingent interest.

Affirmed.