GEORGE HERBERGER and Others v. A. J. ZION and Another.[1]

April 23, 1915.

Nos. 19,111—(63).

**Reformation of executory contract of sale — mistake.**
1. The husband entered into an executory contract for the purchase of certain land; the wife did not join therein and was not a party to the same. In an action brought by the vendor against both husband and wife to reform the contract and make it conform to that actually entered into, it is *held*, on the facts stated in the opinion, that the wife cannot resist such reformation on the ground that no mistake was shown on her part. She was not a party to the contract and whatever rights she acquired to the land are subject to the contract actually entered into by the husband.

**Evidence.**
2. The findings of the trial court are sustained by the evidence.

[1] Reported in 152 N. W. 268.

Action in the district court for Douglas county for reformation of a contract and promissory notes. The case was tried before Roeser, J., who made findings and ordered judgment in favor of plaintiffs. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Constant Larson* and *F. H. Borchert,* for appellants.

*Gunderson & Leach,* for respondents.

SCHALLER, J.

This is an action brought by the plaintiffs against the defendants for the reformation of a certain contract for the sale of land and of two promissory notes securing it.

About the fifteenth day of February, 1913, the plaintiffs and the defendant A. J. Zion entered into a preliminary agreement for the purchase of land owned by the plaintiffs and situated in Douglas county, Minnesota. As part of the purchase price, the defendant agreed to convey to the plaintiffs certain lands situated in Stanley county, South Dakota, the whole matter subject, however, to the examination and approval of the South Dakota lands by the plaintiffs.

The preliminary agreement provided for the annual payment of interest on the unpaid balance of the purchase price.

Subsequently, and about the twenty-fourth day of February, 1913, the plaintiffs went to Midland, South Dakota, and examined the lands which were to be conveyed by defendants. Thereafter, an oral agreement was entered into, providing among other things for the conveyance by defendants to plaintiffs of South Dakota lands, including the homestead of the defendants, as part payment for the Minnesota lands. In this agreement it was specified that interest on the unpaid balance should be paid annually.

A controversy arose as to a certain quarter section, and that controversy and other differences between the parties were finally adjusted, and an agreement arrived at. As part consideration, the defendant was to deliver four horses to the plaintiffs, and the parties went out to the home of the defendants for the purpose of selecting the horses that were to be delivered.

The deeds for the South Dakota lands were then signed by both defendants, and the defendant A. J. Zion took them into his possession. Thereupon the parties returned to Midland, where the South Dakota deeds were acknowledged by both defendants.

The next day the plaintiffs and the defendant A. J. Zion went to Fort Pierre, the county seat of Stanley county; the titles were examined and a written agreement was drawn up.

This agreement failed to set forth that the interest on the deferred payments was to be paid annually, and the notes which were then drawn up and signed by the defendant A. J. Zion, failed to contain the "on or before" privilege, and failed to state that the interest on the notes was to be paid annually.

The deeds were delivered and recorded, and the contract was signed and executed by the plaintiffs and by the defendant A. J. Zion. The defendant Susie C. Zion did not sign the contract, nor was she present at any time when the negotiations were had.

Subsequently, a controversy arose as to whether interest on the deferred payments was to be paid annually or on the dates when the principal sums became due. A demand was made on defendant A. J. Zion for the reformation of the contract, which demand was refused.

The court found the facts as above stated, found that the contract made between the parties was the contract set up in the complaint and hereinabove set forth, and that the scrivener, in reducing the contract in writing, through inadvertence, mistake and oversight, failed to provide in the contract for the annual payment of interest.

The court further found that the scrivener, in reducing the contract and agreement to writing, through inadvertence, oversight and mistake, omitted and failed to provide in said contract and the notes evidencing the unpaid balance of the purchase price that the interest should be paid annually, but, contrary to the agreement and the intention of the parties, worded said contract and the notes in such language that the interest would not be payable until the due date in each, and ordered the contract and notes to be reformed accord-

ingly. From the order denying their motion for a new trial, defendants appeal.

1. The complaint sets up the agreement to pay interest annually. The defendants answer jointly and, after admitting the execution and delivery of the preliminary contract, the payment of the mortgage registration tax, the conjugal status of the defendants and the demand for reformation of the contract, they deny each and every other allegation, matter and thing in the complaint contained.

The cause was tried on these issues. On the trial the defendants took the position that the contract sought to be reformed was the contract actually entered into between the parties. The defendant Susie C. Zion was not present and did not testify at the trial. This issue, among others, was found against the defendants and we are satisfied that the evidence is sufficient to sustain the findings.

2. The defendant Susie C. Zion raises the question that the findings and order for judgment are erroneous, because there is no evidence in the record which brings the mistake, if one was made, home to her.

We do not think the point well taken. This action was brought to reform an instrument to which she was not in any sense a party. She was not one of the contracting parties. She did not sign the instrument. The contract was between her husband and the plaintiffs, and, although she might have an inchoate interest in the fruits of the contract if it were finally performed by her husband, she has none under the terms of the contract itself.

3. It is argued that she had an interest of some kind in the South Dakota lands which were conveyed to the plaintiffs as part payment for the lands to which this contract relates, but we cannot hold that this fact alone would make her a party interested in the contract in question.

She executed the deeds for the South Dakota lands, signed, acknowledged and delivered them to her husband, presumedly that he might deliver them as part payment of the purchase price of the Minnesota lands. All this was done before the contract in litigation had been signed or even reduced to writing.

4. Both she and her husband stood squarely upon the issue that

no mistake was made, and that the contract as written out by the scrivener embodied the terms actually agreed upon by the parties. This contention has been found against them.    Under these circumstances, she cannot be heard to say that no mistake was brought home to her knowledge.    If no mistake was made, none could be brought to her knowledge.

The case was ably tried by competent counsel.    The learned trial court has made exhaustive findings against the defendants on the issues.    We have examined the record carefully and find no error in the proceedings which would affect the result.

The order appealed from must be affirmed.