## DICKERMAN INVESTMENT COMPANY AND OTHERS v. OLIVER IRON MINING COMPANY.[1]

December 29, 1916.

Nos. 20,014—(166).

**Judgment — foreclosure of mortgage — collateral attack by adverse claimant.**

1. An adverse title paramount to the mortgage cannot over objection be litigated in a foreclosure action. The litigation of such title is not without jurisdiction though it may be error. When the complaint alleges that a defendant claims an interest or lien which if valid is subsequent to the mortgage he is bound by a decree so adjudging, subject to his right to correct it on appeal, and he cannot attack it collaterally.

**Same — beneficiary concluded by agreement of trustee.**

2. Where such defendant holds an interest as a naked trustee for an undisclosed beneficiary the beneficiary is bound by such decree; and this is true though the mortgagees and the beneficiary entered into an agreement for a foreclosure under which title to all except the interest claimed by such defendant was to be acquired and passed to the beneficiary.

[1] Reported in 160 N. W. 776.

Action in the district court for St. Louis county to determine adverse claims to vacant and unoccupied real estate. Defendant Oliver Iron Mining Company in its answer alleged that it was owner of the full equitable and beneficial one-eighth (⅛) undivided interest in the land and prayed for judgment that it was such owner. The case was tried before Cant, J., who made findings and ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the order for judgment, Oliver Iron Mining Company appealed. Affirmed.

*Davis, Kellogg & Severance, Frank D. Adams* and *George W. Morgan,* for appellant.

*Stearns & Hunter,* for respondents.

DIBELL, C.

Action to determine adverse claims. There were findings and judgment for the plaintiffs. The defendant Oliver Iron Mining Company appeals.

The lands in controversy are in St. Louis county. The plaintiffs claim the whole title. The Oliver Company claims an undivided one-eighth through Chester A. Congdon. The facts are involved. Those necessary to be understood for the purpose of applying the law determinative of the rights of the parties can be stated briefly.

On May 10, 1887, Martha A. Mallett was the record owner. On that day one Rice commenced an action against her and her husband Richmond D. Mallett. The *lis pendens* was filed on May 12, 1887. The action was in substance for a partnership accounting of the firm of Richmond D. Mallett & Company. In 1898 Chester A. Congdon by mesne conveyances succeeded to the rights of Rice and was substituted as plaintiff. Final judgment was entered on February 21, 1898. The judgment dissolved the copartnership and adjudged that Martha A. Mallett held an undivided one-half of the land in trust for the copartnership and that Congdon was entitled to an undivided one-fourth of the undivided one-half. Congdon was the attorney of the Oliver Company and purchased the Rice interest in its behalf. On February 16, 1900, he declared the trust in writing.

On June 14, 1889, Martha A. Mallett and her co-owner mortgaged the land to the American Loan & Trust Company. Several others were

interested in the mortgage. On May 2, 1898, the parties interested in the security, the mortgagors, and the Oliver Company entered into an agreement for a foreclosure. The land was to be purchased in the name of a trustee who would hold for those interested. Congdon did not join in the agreement. The Oliver Company agreed that as soon as the premises were bid in it would explore for iron, unless it should be satisfied from explorations then under way on adjoining property that they did not contain ore in sufficient quantities. The Oliver Company was given the exclusive privilege of purchasing from the trustee within the redemption period for the amount bid at the sale. Its failure to begin explorations within 30 days was an election not to explore and terminated the option. The agreement contained this provision:

"In said action the parties of the first, second, third, fourth and sixth parts shall be parties plaintiff, and the parties of the fifth part, as well as all other persons or corporations having any interest or lien upon said premises subsequent to the lien of said mortgage shall be made parties defendant.

"Said foreclosure proceedings shall be so conducted that any person who may acquire title to said premises thereunder shall have a good and perfect title thereto, save as to an undivided one-eighth of said quarter section claimed to be owned by Chester A. Congdon, and said proceedings shall be conducted in a manner satisfactory to the legal advisers of the seventh party."

The Oliver Company was the seventh party. One purpose of the agreement was " to induce said seventh party to explore said land for iron ore, and to acquire title thereto under said mortgage, should it elect so to do." The premises were to be bid in by the trustee for the amount due on the debts secured by the mortgage.

Congdon was a party defendant in the foreclosure action. He appeared by attorney but did not answer. The Oliver Company was not a party.

The foreclosure sale was on June 6, 1899, and it was confirmed on June 10, 1899. There was no redemption. The plaintiffs are the ones originally interested in the security of the mortgage and for whom the purchase was made at the sale or have succeeded to their rights.

1. The plaintiffs claim to be the owners in fee. The Oliver Company

claims through Congdon an undivided one-eighth. The contention of the Oliver Company is that its title, held in the name of Congdon, was paramount to the lien of the mortgage and could not be litigated in the foreclosure action and that the judgment is not a bar. The rule in this state is that an adverse title paramount to the mortgage cannot over objection be litigated in the foreclosure action. Banning v. Bradford, 21 Minn. 308, 18 Am. Rep. 398. The litigation of such adverse title over objection constitutes error which may be corrected on appeal.

The complaint in the foreclosure action alleged that all of the defendants except the mortgagors claimed some interest or lien, but that such interest or lien, if any, was subsequent to the mortgage; that the mortgagors were at the time of the mortgage the owners in fee; that the mortgage was a first lien and a first lien of record; that the parties interested in the mortgage had no notice of any claim on the part of such defendants, and the prayer was that the defendants be barred and foreclosed of all right in the mortgaged premises. The court found these allegations true. The usual judgment of foreclosure was entered, adjudging that none of the defendants had any title or lien prior to the lien of the mortgage, and foreclosing them of all right except that of redemption within one year from the date of the order confirming the sale.

The judgment determined that the Congdon interest was subsequent to the lien of the mortgage. What the evidence was we do not know nor could we review it if we did. Under the evidence it may have been right or it may have been wrong. Whether right or wrong the adjudication is final. If wrong it could have been corrected on appeal. It cannot be attacked collaterally. That it is now sought to do. We think the weight of authority favors the view that such a judgment is binding and cannot be assailed collaterally. Hefner v. Northwestern Life Ins. Co. 123 U. S. 747, 8 Sup. Ct. 337, 37 L. ed. 309; Martin v. Pond, 30 Fed. 15; Graydon v. Hurd, 55 Fed. 724, 5 C. C. A. 258; Reagan v. Hodges, 70 Ark. 563, 69 S. W. 581; Provident L. & T. Co. v. Marks, 59 Kan. 230, 52 Pac. 449, 68 Am. St. 349; Barton v. Anderson, 104 Ind. 578, 4 N. E. 420; English v. Aldrich, 132 Ind. 500, 31 N. E. 456, 32 Am. St. 270; Shears v. Dusenbury, 13 Gray (79 Mass.) 292; St. Johnsbury & L. C. R. Co. v. Willard, 61 Vt. 134, 17 Atl. 38, 21 L.R.A. 528, 15 Am. St. 886; Ligon

v. Triplett, 51 Ky. (12 B. Mon.) 283; Illinois Nat. Bank v. Trustees of Schools, 111 Ill. App. 189. There are many well-considered cases holding that such a judgment is not a bar. Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706; Merchants Bank v. Thomson, 55 N. Y. 7; Rathbone v. Hooney, 58 N. Y. 463; Faubion v. Rogers, 66 Tex. 472, 1 S. W. 166; Strobe v. Downer, 13 Wis. 11, 8 Am. Dec. 709; McComb v. Spangler, 71 Cal. 418, 12 Pac. 347; San Francisco v. Lawton, 18 Cal. 465, 70 Am. Dec. 187; Goodenow v. Ewer, 16 Cal. 461, 76 Am. Dec. 540; Straight v. Harris, 14 Wis. 553; Gilchrist v. Foxen, 95 Wis. 428, 70 N. W. 585. Some of the cases first cited are distinguishable, because in the states from which they come a prior adverse title may be litigated in a foreclosure action.

The rule which denies the right to litigate a paramount title is one of practice or procedure. There is nothing in the constitution of the court or the character of the adverse title that forbids its determination. It is not, it seems to us, a question of jurisdiction, unless a statute or some positive rule of law makes it so and there is none in this state. Besides under the pleadings and findings the asserted claim was subsequent to the mortgage. It was not the litigation of a claim conceded to be paramount. If the judgment is not a bar a defendant, alleged to have a subsequent interest, could always relitigate upon the theory that his interest was prior and paramount. A judgment of foreclosure would not be a final adjudication of interests alleged to be subsequent. This result should not follow and we hold that it does not.

2. Nor can the Oliver Company maintain its right to an undivided one-eighth because of the agreement made with the mortgagees just prior to foreclosure. Congdon then held for it the one-eighth obtained from Rice. He subsequently executed a declaration of trust. The agreement did not recite the ownership of the Oliver Company. The company joined in the agreement so that it might explore and get title if it chose. It did not exercise its option to purchase and claims nothing on account of it. Congdon did not join. It was recited that he claimed an interest. That Congdon held as trustee for the Oliver Company was not disclosed. He stood as the representative of the company and the company had no claim of record nor any claim evidenced by writing. It is bound by the adjudication. If the actual purpose of the parties entering

into the agreement was that the title to only seven-eighths of the land should be litigated, one wronged by the judgment entered would, upon a seasonable application, have been afforded relief. The agreement is ambiguous. It is not clear that it was intended to preclude the mortgagors from contesting the Congdon interest in the foreclosure suit, nor that it was intended that the title acquired by the trustee at the sale should be of a seven-eighths and not of the whole. If it was the Oliver Company was wronged. In any event it has no remedy here; for it as well as Congdon is bound by a judgment which has not been impeached directly and cannot be assailed collaterally.

Judgment affirmed.