# HARRY S. LOCKE v. AUGUST B. DARELIUS AND OTHERS.[1]

## May 17, 1918.

## No. 20,834.

### Mortgage foreclosure — construction of stipulation between parties — right of redemption.

The plaintiff mortgaged certain property which he owned and under foreclosures the defendants acquired apparent legal title. The plaintiff claimed that the foreclosures were premature and the defendants' title invalid. In an action to obtain possession brought by the defendant against the plaintiff it was stipulated by way of settlement that if the plaintiff would surrender possession without a writ of ouster the defendant would give him a contract of sale for the property upon terms then agreed upon. Possession was accordingly surrendered and the contract was executed. It is *held* that the contract measures the rights of the parties and that the plaintiff is not entitled to redeem upon the theory that the defendant waived the rights acquired under the foreclosures and was a mortgagee in possession, nor upon the theory that the mortgage relation was continued and the time of payment of the mortgage indebtedness extended, nor upon the theory that there was an avoidable release of the equity of redemption.

Action in the district court for Ramsey county for an accounting of the rents and profits of certain real property and for other relief. The facts are stated in the opinion. The case was tried before Brill, J., who granted the motion of defendants for judgment on the pleadings. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

· *H. S. Locke, O'Brien, Young & Stone* and *Thomas D. O'Brien,* for appellant.

*A. B. Darelius* and *Paul J. Marwin,* for respondents.

DIBELL, C.

Action by the plaintiff, Harry S. Locke, against the defendants, August B. Darelius and wife, for an accounting of rents and profits of

[1]Reported in 168 N. W. 24.

certain land held by Darelius under mortgage foreclosures and their application upon the mortgage indebtedness and for leave to redeem. At the trial the court granted the motion of the defendants for judgment on the pleadings. The plaintiff moved for a new trial and appeals from the order denying it.

Locke made to one Jacobson three separate mortgages upon property in St. Paul. These mortgages were foreclosed and at the sales Jacobson bought. Prior to the expiration of the year of redemption Jacobson sold to August B. Darelius. It is not claimed that he acquired rights greater than Jacobson had. Upon the expiration of the year of redemption Darelius brought unlawful detainer against Locke in the municipal court. Locke answered claiming that at the time of the foreclosures the mortgagee had in his hands moneys which should have been applied in payment of accruing interest, and which were sufficient to pay it, and that since the only default claimed was in the payment of interest the foreclosures were premature and invalid. The action was transferred to the district court. At the trial on April 24, 1913, a stipulation was made in open court that if Locke would surrender the premises without the aid of a writ of ouster by May 1, 1913, Darelius would sell and convey to him the property involved at a stated price. The stipulation contemplated the making of a contract of sale and finally the entry of judgment in favor of Darelius. Locke surrendered possession and on July 14, 1913, Darelius executed the contract of sale contemplated by the stipulation.

The plaintiff claims that the effect of the stipulation and contract and the surrender of possession was to waive the rights acquired by foreclosure and to concede and continue the mortgage relation, notwithstanding the foreclosures, and to make the defendant a mortgagee in possession, and that his right to redeem has not been extinguished. If so, of course the plaintiff has a right of redemption and is entitled to an accounting. We cannot sustain the contention of the plaintiff. It is not alleged that the agreement was other than that expressed in the stipulation and contract. They evidence whatever agreement there was. Indeed it is alleged, and it is obvious, that the stipulation was a settlement of the controversy. It is alleged, it is true, that the contract was an extension of the time of payment of the mortgage indebtedness. This is a matter of legal construction and upon the record such was not the legal

effect of the contract. That the parties made a settlement is clear. That settlement did not recognize nor create a mortgage relation but ended a controversy by establishing the precise relations of the parties. Thenceforward their rights were measured by the contract of sale.

The record does not present a case of the waiver of rights acquired under a foreclosure such as was involved in Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A; nor does it illustrate the giving of an extension of the time in which to redeem (2 Dunnell, Minn. Dig. § 6400); nor does it make a case of an avoidable release of the equity of redemption. Dunnell, Minn. Dig. and 1916 Supp. § 6396. The parties simply settled their controversy and executed a contract of sale which measured their rights.

We have not found it necessary to consider the effect of the judgment in the unlawful detainer suit nor the judgments in favor of the defendant in three actions brought by Locke against Jacobson prior to the expiration of the year of redemption to cancel the foreclosures on the ground that they were premature.

Order affirmed.