AMELIA VERANTH v. FRANCES MORAVITZ.
MATHIAS MORAVITZ, APPELLANT.[1]

March 24, 1939.

No. 31,940.

[1]Reported in 284 N. W. 849.

*Victor E. Essling* and *Galen E. Bush,* for appellant.
*A. W. Nelson,* ·for Amelia Veranth.
*Lewis, Grannis & Underhill,* for Frances Moravitz.

PETERSON, JUSTICE.

Appellant applied for leave to intervene as a "vendee-defendant" in a proceeding under 3 Mason Minn. St. 1938 Supp. § 9576-2, brought by plaintiff to terminate a contract for deed between herself as vendor and appellant's wife as vendee. He owned a building in Ely worth between $10,000 and $18,000 which was his homestead and in which he and his wife operated a hotel. They gave a mortgage on the property to a bank in the sum of $6,000. Plaintiff became the owner of the mortgage by assignment, foreclosed it, and purchased the property at the mortgage foreclosure sale. Meanwhile appellant's wife obtained against him a decree of separation from bed and board for a period of three years, during which she was given possession of the property and continued to operate the hotel. Shortly before the expiration of the time of redemption she paid plaintiff $1,000, and a few days after the expiration of such time plaintiff and the wife entered into a contract for deed whereby plaintiff agreed to sell and convey the property to the wife for $6,586.25, the amount due her as purchaser at the mortgage foreclosure sale, including the costs and interest, which was to be paid by a down payment of $1,000 and the balance in instalments. The down payment was the $1,000 already paid by the wife before the expiration of the period of redemption. After the contract for deed was executed, appellant brought an action against his wife which was tried before Judge Kenny, who made a finding that the money with which the wife made the $1,000 down payment was derived by her from the operation of the hotel and that the arrangement be-

tween this plaintiff and the wife "was not a bona fide sale of said premises to defendant but was intended to serve the purpose of extension of the time to pay said mortgage indebtedness and agreement that said mortgage indebtedness could be paid in the manner specified in said contract for deed," and ordered judgment that the wife as the vendee named in the contract for deed with plaintiff held her interest under the contract in trust for appellant, subject to a lien of $1,500 paid by her under the contract and that she transfer to him her interest as such vendee upon satisfaction of her lien as therein provided. Counsel stated upon the argument that after this appeal was taken judgment was entered in favor of appellant and against his wife pursuant to the decision. Plaintiff was not a party to that action. The wife moved in the alternative for amended findings and conclusions of law or a new trial. Plaintiff, unbeknown to appellant, had commenced this proceeding to cancel the contract for deed for the default of the wife to make the stipulated payments and noticed the proceeding for hearing on June 15, 1938, while the wife's alternative motion in the action which the husband brought against her was pending. She defaulted in the proceeding to cancel the contract for deed, plaintiff proved the default, and submitted the matter for decision. After the submission but before decision, appellant discovered the pendency of the cancellation proceeding and immediately made this application for leave to intervene as a "vendee-defendant" upon the grounds that the wife held her interest as vendee under the contract for deed in trust for him, that he was the real owner of the property, and that the contract for deed was in fact a mortgage. The showing in support of the application for leave to intervene was by affidavit and exhibits. While such a showing is permissible, the better practice, which we commend, is, in addition to the petition for leave to intervene and supporting affidavits, to show the intervener's claim by exhibiting his proposed complaint or other pleading in intervention. Chandler & Price Co. v. Brandtjen & Kluge, Inc. 296 U. S. 53, 56 S. Ct. 6, 80 L. ed. 39. Although the motion for leave to intervene was noticed for hearing on July 28, 1938, the order denying leave to intervene

was made on August 17, 1938. The wife moves to dismiss the appeal upon the grounds that she was not a party below to the intervention proceeding. Plaintiff contends that termination of a contract for deed being a special proceeding, intervention does not lie, and that, if intervention were permissible in such a proceeding, appellant has failed to show that he is entitled to intervene.

■ Since the wife was not a party to the intervention proceeding below, she is entitled to a dismissal of the appeal as to her.

■ Termination of a contract for deed under 3 Mason Minn. St. 1938 Supp. § 9576-2, is a judicial proceeding of an equitable character. Union Central L. Ins. Co. v. Schultz, 199 Minn. 131, 271 N. W. 249. Formerly such proceedings were *in pais* under 2 Mason Minn. St. 1927, § 9576; 6 Dunnell, Minn. Dig. § 10091. Intervention is permissible in a special proceeding, State, by Peterson, v. Werder, 200 Minn. 148, 273 N. W. 714; Smith v. City of St. Paul, 65 Minn. 295, 68 N. W. 32, and may be allowed in a judicial proceeding to terminate a contract for deed.

■ Although appellant did not attempt to intervene under 2 Mason Minn. St. 1927, § 9263, as of right by merely serving the complaint in intervention before the trial began, and was not ordered to intervene upon the application of a party under 2 Mason Minn. St. 1927, § 9181, the court had the power, unaffected by statute, to bring him before it, or permit him to come in voluntarily, at any stage of the proceedings, as a party necessary for the complete administration of justice. Webster v. Beckman, 162 Minn. 132, 202 N. W. 482; 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7329. The court may permit intervention though the defendant is in default. 20 R. C. L. 688, § 27, note 18. Where intervention is made under leave of court, the applicant must show an interest in the litigation and that he will either gain or lose by the judgment between the original parties. It is generally held that a beneficial interest in the subject matter in suit is a sufficient right to intervene, even though the intervener may have another remedy. Walker v. Sanders, 103 Minn. 124, 114 N. W. 649, 123 A. S. R. 276; First State Bank v. West, 185 Minn. 225, 240 N. W. 892; Coffey v. Greenfield, 55 Cal. 382; note, 123 A. S. R. 288. In Walker v. Sanders,

*supra,* the intervener was the grantee under a warranty deed of the plaintiff to the land which was the subject of the suit. The action was brought by the plaintiff to set aside a deed to the land on the ground of fraud. We held that the intervener by reason of his having succeeded to plaintiff's title to the property in controversy had an interest which entitled him to intervene. We said [103 Minn. 126, 114 N. W. 650]: "The right [of intervention] is quite generally accorded to any person having a beneficial interest in the matter in suit, and is sustained, even though the intervener may have another remedy." The courts look with favor upon intervention in proper cases.

■ Intervention is sought solely to assert the wife's rights under the contract for deed with plaintiff, to which the intervener is entitled by reason of the fact that the wife holds her rights as such vendee in trust for him. His claims have at least such merit that he recovered judgment thereon against the wife. Intervener does not claim any right to intervene upon other grounds. We do not intimate, much less decide, what are the rights of the parties under the contract for deed. Such questions as whether it is a contract by the wife to acquire from the plaintiff title to the husband's property which plaintiff purchased at the mortgage foreclosure sale, as in Williams v. Stewart, 25 Minn. 516 (see Locke v. Darelius, 140 Minn. 206, 168 N. W. 24); or whether it is an extension of time of payment whereby the plaintiff waived and abandoned the rights which she acquired as purchaser at the mortgage foreclosure sale, and in legal effect annulled the sale and continued the relation of mortgagor and mortgagee, Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854; or whether in any event the transaction amounted to redemption by the wife, Kopp v. Thele, 104 Minn. 267, 116 N. W. 472, 17 L.R.A.(N.S.) 981, 15 Ann. Cas. 313; and whether the husband aside from the trust could claim the benefits of such contract between plaintiff and his wife, there being authority that only parties to a contract to repurchase or extending the time within which to make payment are entitled to its benefits and that parties whose rights and interests are cut off by the foreclosure, if strangers to the contract, may not take advantage of it,

Dickinson v. Lamoille County Nat. Bank (C. C.) 12 F. 747, are not in the case. Intervener claims that the contract for deed is in fact a mortgage. If the contract for deed as between the plaintiff and the wife is a mortgage, intervener may assert that fact for the simple reason that he is entitled to assert the wife's rights as vendee under the contract. Intervener's rights under the contract for deed must be asserted by intervention or not at all. They are predicated on the contract. Except for his rights under the trust, he is a stranger to his wife's contract for deed as vendee, Herberger v. Zion, 129 Minn. 217, 152 N. W. 268; and, while the husband's statutory marital right attaches to the wife's interest as vendee under a contract for deed, it is subject to the wife's rights, and a termination of her rights under the contract also terminates his rights. Wellington v. St. P. M. & M. Ry. Co. 123 Minn. 483, 144 N. W. 222. See Stitt v. Smith, 102 Minn. 253, 113 N. W. 632, 13 L.R.A.(N.S.) 723. Since the trustee is deemed to represent the beneficiary as the party before the court, the beneficiary is concluded by a judgment of foreclosure against the trustee. Dickerman Inv. Co. v. Oliver I. Min. Co. 135 Minn. 254, 160 N. W. 776. The appellant would be concluded by an order terminating the contract as against his wife.

The general rule is that the beneficiary may sue in his own name to enforce his rights under a trust where the trustee fails or neglects to do so, Townsend v. Milaca Motor Co. 194 Minn. 423, 260 N. W. 525, and he may be permitted to come in as an intervener where the trustee is a party and fails or neglects to protect his interest as beneficiary. Winslow v. Minnesota & P. R. R. Co. 4 Minn. 230 (313), 77 Am. D. 519; 123 A. S. R. 300-303. Where a party shows a right to intervene, the denial of which will result in his injury, it is error to deny him the right. In Johnson v. Hartford Acc. & Ind. Co. 187 Minn. 186, 189, 245 N. W. 27, 29, where it appeared that intervention was denied with resulting injury to the intervener, we said: "In other words, when the court denies such a motion and an injury will result which the court ought to prevent, it is an abuse of discretion." The denial of the right to intervene

here precludes the intervener from asserting his rights at all. It was an abuse of discretion.

Failure to make the wife a party to the intervention if necessary may be remedied by serving upon her the complaint in intervention. Note, 123 A. S. R. 290-291.

The appeal is dismissed as to Mrs. Moravitz.

Reversed as to plaintiff.

MR. JUSTICE HILTON, incapacitated by illness, took no part.