RUTH E. MORRISON *vs.* JAMES RICE.

July 14, 1886.

Dower—Power of Legislature.—A wife's contingent. right of dower, as existing prior to the act of 1875, abolishing dower, (Laws 1875, c. 40,) and before such right became fixed and absolute by the death of her husband, was subject to legislative control, and to be modified or taken away altogether.

Same—Conveyance by Married Man in 1875-6.—Lands situate within the state which were conveyed by the sole deed of a married man after the passage of the act of 1875, and prior to the act of 1876, c. 37, passed his title therein to the grantee, discharged of all claims of the wife growout of the marital relation.

Same—Act of 1876.—The act of 1876 did not reach such conveyances, or affect rights thereby previously vested in such grantee.

The plaintiff, claiming to be the owner of an undivided one-third of a certain piece of land, brought this action in the district court for Hennepin county for partition. The defendant denied plaintiff's title, and claimed to be the sole owner of the premises. The action was tried before *Young*, J., without a jury, and judgment directed and entered for defendant, from which plaintiff appeals. From the findings of fact it appears that the only claim of title made by the plaintiff is as the widow of John H. Morrison, the former owner of the land, who died in 1877, and who, after his marriage with plaintiff, and on June 8, 1866, conveyed the land in question, the plaintiff not joining in the deed.

*P. M. Babcock*, for appellant.

*Shaw & Cray*, for respondent.

VANDERBURGH, J.   One John H. Morrison was seized of the land in controversy on and previous to the eighth day of June, 1866. The plaintiff was then his wife. On that day he granted and conveyed the premises to one Elias Moses, under whom, through mesne conveyances, the defendant claims title. Morrison died in April, 1877, leaving the plaintiff, his widow, him surviving. Plaintiff did not join in her husband's deed to Moses; hence her inchoate right of dower was

not affected thereby. But before the decease of her husband the act of March 9, 1875, (Laws 1875, *c.* 40,) was passed, abolishing dower. This act gave the surviving wife a life-estate in the homestead, and one-third in fee of all other real estate of the husband of which he died seized. The plaintiff had then no certain or vested interest in her husband's lands. Her estate was in expectancy merely, contingent on her surviving him.

Dower is not the result of the marriage contract, but is a provision which the law makes, founded on public policy, for the benefit of the wife, as an incident to the marriage relation, and contingent upon the seizin and death of the husband. Before the right of dower becomes fixed and consummated by his death, it is therefore subject to legislative control, and may be modified or taken away. *Guerin* v. *Moore,* 25 Minn. 462; Cooley, Const. Lim. 360; *Moore* v. *Mayor,* 8 N. Y. 110, (59 Am. Dec. 473;) *Barbour* v. *Barbour,* 46 Me. 9; *Bennett* v. *Haines,* 51 Mo. 260; *Bailey* v. *Mason,* 4 Minn. 430, (546.)

After the passage of the act of 1875 the land in question no longer remained subject to plaintiff's contingent right of dower, and the grantee of her husband held the same divested of such claim. The legislature, in 1876, (Laws 1876, *c.* 37,) modified the act of 1875 by substituting, in the place of "one-third of all other lands of which the deceased died seized," the words, "one-third of all other lands of which the deceased was at any time during coverture seized or possessed." The act of 1876 was not intended to interfere with vested rights, and could not do so. By operation of law the estate of defendant in this land was, on the passage of the act of 1875, fully discharged of all claims of the plaintiff to dower. It was not competent for the legislature thereafter to interfere with or diminish his estate in the land, nor to grant her any new estate or interest therein. *Taylor* v. *Sample,* 51 Ind. 423; *Dunwell* v. *Bidwell,* 8 Minn. 18, (34;) *Kipp* v. *Johnson,* 31 Minn. 360, (17 N. W. Rep. 957;) Cooley, Const. Lim. *365, 366.

The power of the legislature to regulate the descent of property, to create and secure dower and homestead rights and interests, for the better protection of the family, is undoubted. Such rules and provisions are founded in public policy, and are necessary for the

best interests of society. But no legislative changes could affect rights or estates previously vested in heirs or grantees. Cooley, Const. Lim. *360.

Judgment affirmed.