SARAH M. ROACH *vs.* JOHN B. DION and others.

November 22, 1888.

**Dower—Mortgage by Married Man in 1875-6 — Foreclosure.**—While the act of March 9, 1875, abolishing dower, was in force, it was not necessary for a married woman to join in her husband's mortgage of lands other than the homestead. The interest of the surviving wife in such lands upon his decease were, under that act, necessarily subject to the incumbrance; and her statutory rights, under Laws 1876, c. 37, were subject to be defeated by the foreclosure of such mortgage.

Plaintiff, alleging herself to be owner in fee of an undivided one-third of certain described lands in Ramsey county, as widow of James Roach, brought this action in the district court for that county, for partition and for an account of rents and profits. At the trial the action was dismissed by *Brill*, J., at the close of plaintiff's case. She appeals from an order refusing a new trial.

*H. L. Williams* and *E. R. Holcombe*, for appellant.

*Hermon W. Phillips*, for respondents.

VANDERBURGH, J. Plaintiff is the widow of one James Roach, who deceased in the year 1877. On the 23d day of March, 1875, and for more than one year prior thereto, he was seized and possessed of the land in controversy here, and remained so seized until after the foreclosure of the mortgage described in the complaint, which was duly executed by him to one Joseph Dion on the 23d day of March, 1875. The plaintiff was then his wife, but she did not join in the mortgage. The mortgage was duly recorded, and afterwards, on the 10th day of June, 1876, foreclosed by advertisement, under a power of sale therein contained, and the mortgaged premises were bid in by Dion. It does not appear that Roach executed any other conveyance of the premises, and they were never redeemed from such mortgage sale. The plaintiff's contention is that she, as the surviving wife of the mortgagor, is, by virtue of the act of March 2, 1876, (Laws 1876, c. 37,) entitled to an undivided one-third interest in the mortgaged premises, free and clear of the mortgage and its incidents. This case is, however, governed by *Morrison* v. *Rice*, 35 Minn. 436, (29 N. W. Rep.

168,) where it is held that the sole deed of a married man, executed in 1875, subsequent to the passage of the act of March 9, 1875, abolishing dower, (Laws 1875, c. 40,) vested in the grantee the entire estate of the grantor in the land, discharged from all claims or rights of the wife by virtue of the marital relation. The rights of the parties were already fixed under that act; and therefore the subsequent act of 1876, giving the surviving wife one-third of her deceased husband's lands of which he was seized during coverture, did not and could not affect the rights of such grantee. It was certainly unnecessary for the wife to join in the mortgage when it was executed. She had then no right or interest in the land to bar or convey. The estate of the husband of which he died seized was subject to the mortgage, and the title acquired under foreclosure was that of the mortgagor at the date of the mortgage, and plaintiff's rights as survivor were subordinate thereto. Since the mortgage was foreclosed, and there was no redemption, it makes no difference whether the conveyance made in 1875, by plaintiff's husband, was by mortgage instead of by absolute deed. The contingent and inchoate right conferred upon the wife by the act of 1876, in the lands of the husband which had been previously mortgaged by him, took effect only upon his equity of redemption therein; and, when that was extinguished by foreclosure, there was no interest left upon which the statutory right could attach. The mortgage in question was as clearly paramount to the dower right of the surviving widow as in the case of a mortgage executed before coverture, (4 Kent, Comm. *46,) and the line of argument adopted by plaintiff's counsel would be as applicable in the latter case as in the former.

Order affirmed.