## Farmers Mutual Equity Insurance Society v. Smith.

(Decided April 21, 1914.)

### Appeal from Henderson Circuit Court.

1. Insurance—Warranties and Conditions.—The language of warranties and conditions in policies of insurance must be clear and unambiguous, and if of doubtful meaning, the doubt will be resolved in favor of the insured.

2. Insurance, Fire—Forfeiture for Non-occupancy—Provision of Policy—Intention of Parties.—In determining the effect of a provision of a policy avoiding the insurance if the premises become vacant or unoccupied, it is generally held that the intention of the parties will control, and that such intention will be ascertained from the whole instrument, the subject matter of the contract, and the situation of the property insured

3. Insurance, Fire—Forfeiture for Non-occupancy—When Incurred.— Where the insured premises are occupied by a tenant who moves out on Saturday evening, and another tenant is to move in on Monday morning, but the premises are destroyed by fire the same morning, the interval incident to the change of tenants is within the contemplation of the parties to the contract, and is not such as to avoid the policy on the ground of non-occupancy.

MONTGOMERY MERRITT for appellant.

VANCE & HEILBRONNER for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Plaintiff, Herbert Smith, was the owner of a frame dwelling house which was insured by defendant, Farmers Mutual Equity Insurance Society, for the sum of $300. The policy which was to continue for a period of five years, contained the following provision:

"Insurance will not be carried upon unoccupied buildings unless covered by a vacancy permit, which will be granted only on the written application filed with the secretary for a period of thirty days, with privilege of one renewal. The amount of the insurance shall be reduced one-half during said vacancy."

The house was occupied by a tenant, who moved out on Saturday evening, April 19, 1913. Another tenant was to take possession on the following Monday, April 21, but was prevented from doing so by the destruction of the property by fire, which occurred the same morning. Having refused to pay the insurance, plaintiff brought this action against the defendant to recover on the policy. The company defended on the ground of non-occupancy, in violation of the contract. This defense was held insufficient, and judgment was rendered in favor of plaintiff. Defendant appeals.

In construing exceptions, warranties and conditions in policies of insurance, it is generally held that the language, being that of the insurer, selected by him and intended for his benefit, must be clear and unambiguous, and if of doubtful meaning, the doubt will be resolved in favor of the insured. The purpose of such conditions in a policy is to restrict the insurer's obligation, and if the meaning is not clear, it is his fault in not making use of more definite terms in which to express it. Chandler v. St. Paul, &c., Ins. Co., 21 Minn. 85, 18 Am. Rep., 385; U. S. Mutual v. Newman, 84 Va., 52; Olson v. St. Paul, &c., Ins. Co., 35 Minn., 437, 59 Am. Rep., 333. In determining the effect of a provision of a policy avoiding the insurance if the premises become vacant or unoccupied, it is generally held that the intention of the parties will control, and that such intention will be ascertained from the whole instrument, the subject matter of the contract, and the situation of the propery insured. Stout v. City Fire Ins. Co., 12 Iowa, 371, 75 Am. Dec., 539; Georgia Home Ins. Co. v. Kinnier, 38 Gratt., 88.

Perhaps the most important consideration in passing on a question of forfeiture for vacancy or non-occupancy is the use which, under the policy, may be made of the premises insured. Where it is occupied by the owner as a residence, it cannot be said to be within the contemplation of the parties to the contract that the premises shall never become vacant or unoccupied, even for a very brief period of time. The company knows that the owner will sometimes be away on a visit, or be temporarily absent for some necessary purpose. So, too, where the property is occupied by a tenant, it must necessarily be within the contemplation of the parties to the contract that occasionally it will be vacant for a short and reasonable interval of time between the outgoing of one tenant and the incoming of another. While there is a lack of uniformity in the decisions on the question, and many of the courts hold that a forfeiture is incurred even in case of the temporary absence of the owner, or a short period of time between the exchange of tenants, yet many of the courts hold that under the circumstances above set forth, a forfeiture will not be adjudged. Thus in the case of Franklin Fire Ins. Co. v. Kepler, 95 Pa. St., 492, the absence of the insured from his dwelling from Wednesday until Monday to attend a funeral was held not to be a breach of the provision of the policy against vacancy and unoccupancy. In the case of Eddy v. Hawkeye Ins. Co., 70 Iowa 472, 59 Am. Rep. 444, the tenant moved out on Tuesday. On Wednesday the owner took possession and commenced cleaning the house, intending to occupy it with his family on Saturday. On Friday night the house burned down. It was held that the house was not vacant. In Schackelton v. Sun Fire Office of London, England, 55 Mich., 288, 54 Am. Rep., 379, the house was occupied by a tenant. The tenant moved out and the landlord at once moved his own goods in and began to clean up, with the intention of occupying the house himself. Next day he went away for three days' absence. While cleaning the house he ate and slept at a neighboring house, and after a few days went off on a business trip. While gone the house was burned. It was held that the policy had not become void on the ground of vacancy. In the case of Laselle v. Ins. Co., 43 N. J. L. 468, the policy provided that it should become void "if the dwelling house should become vacant and unoccupied and so remained." It was held that the mere

absence of the tenant, who was then occupying the building as a dwelling house, on the night of the fire did not leave the building vacant or unoccupied within the sense of the contract. In Moody v. Ins. Co., 52 Ohio St., 12, 49 Am. St. R. 699, it was held that a continuous use of the dwelling house was not necessary to constitute occupancy within the meaning of the fire insurance policy, but that the family might be absent for health, pleasure, business or convenience for reasonable periods. In Doud v. Citizens Ins. Co., 141 Pa. St. 47, 23 Am. St. R. 263, it was held under a policy of insurance on leased premises containing a clause avoiding the policy if the premises should become vacant without the written consent of the insurer, that a reasonable time should be allowed to carry out a change of tenants without imposing upon the insured the penalty of either an intended or permitted vacation of the premises. The same rule was followed by our Superior Court in the case of Dwelling House Ins. Co. v. Walsh, 10 Ky. L. R., 282.

Other authorities might be added, but those cited are sufficient to establish the rule that is clearly applicable under the facts of this case. Here the tenant vacated the house on Saturday evening. Another tenant was to move in on the following Monday. Early Monday morning the house was burned. The interval of time incident to the change of tenants was not only not unreasonable, but such as the parties to the contract must have contemplated would necessarily take place.

Judgment affirmed.