STATE OF MISSOURI, ex rel. R. E. HOGAN, Relator, v. FRANK SASS et al., Respondents.*

In the Springfield Court of Appeals, December 16, 1924.

1. **INTOXICATING LIQUORS:** Statute Providing County Court "May" Issue Permits to Prescribe Alcohol and Wine for Medicinal Purposes not Mandatory Duty. Section 6592, Revised Statutes of 1919, providing that physicians desiring to write prescriptions for ethyl alcohol or wine for medicinal purposes shall make application to county court for permit and that "permits may be granted" by the county court," does not impose upon the court the absolute duty to issue permit.

2. **COURTS:** Court of Appeals Has no Jurisdiction to Redress Injury to Fundamental rights of Physician to Permit to Prescribe Liquor. If refusal of permit under section 6592, Revised Statutes of 1919, to prescribe ethyl alcohol and wine for medicinal purposes violates fundamental rights of physician, the Court of Appeals can give no redress, as it has no jurisdiction of constitutional questions.

---

*Headnotes 1. Intoxicating Liquors, 33 C. J., p. 552, Section 147; 2. Courts, 15 C. J., p. 1090, Section 516.

Original Proceeding in Mandamus.

WRIT DENIED.

*Evans & Evans,* of West Plains, for relator.

*B. L. Rinehart,* of West Plains, for respondents.

BRADLEY, J.—This is an original proceeding in mandamus to compel the respondents, the members of the county court of Howell county, to issue to relator a permit to prescribe ethyl alcohol and wine for medicinal purposes. Respondents waived issue of the alternative writ, entered their appearance and filed demurrer. Relator, as the demurrer admits, is a reputable physician of Howell county, and meets all the requirements of the law as to qualifications to prescribe ethyl alcohol and wine for medicinal purposes. The whole matter of prescribing ethyl alcohol and wine by physicians is regu-. lated by statute. Section 6592, Revised Statutes 1919, among other things, provides that ''all physicians desiring to write prescriptions for ethyl alcohol or wine for medicinal purposes shall file an application for a permit to do so with the clerk of the county court of the county in which said physician practices his profession. Said application shall be in such form as the attorney general of Missouri may prescribe and permits *may* be granted by the judges of the county court upon the same terms and under the same rules and conditions as they are authorized to grant permits to manufacture and sell ethyl alcohol or wine by this article,'' etc.

Relator contends that the word *may* as used in section 6592 and which we have italicized should be construed to mean *shall* when the applying physician has met all requirements as to qualifications. Relator's learned counsel have filed able briefs in support of the proposition presented, but we think the Supreme Court in State ex rel. Hawkins v. Harris et al., 263 S. W. 807,

has in effect ruled on the question involved here.  That case was in mandamus to compel a county court to issue a pool and billiard table license, and was certified to the Supreme Court by this court.  [See 239 S. W. 564.]  The Supreme Court in the Hawkins case in considering the question as to when and under what circumstances the word *may* in a statute shall be construed to mean *shall* quotes with approval from State ex rel. Connor v. St. Louis, 158 Mo. 505, 1. c. 510, 59 S. W. 1102, as follows: "That the word 'may' in a statute is sometimes construed to mean 'shall' is undisputed.  But 'may' does not always mean 'shall' even when used in a statute conferring power on a public officer.  The true rule is this: If from the whole context we gather that the statute was designed to impose the act on the officer as a duty to be performed, then the authority to do it is an obligation to do it.  It has been said that, when the public welfare demands it or private rights are affected, then the power to act is a duty to act.  But the private interests, for the protection of which the power will be construed to be a duty, must be such as exist independent of the grant of the power."

Again the Supreme Court in the Hawkins case quotes with approval from the old case (1821) of Newburgh & Cochocton Turnpike Road v. Miller, 5 Johns. Ch. (N. Y.) 98, 1. c. 113, as follows: "And in respect to statutes the rule of construction seems to be that the word may means must or shall only in cases where the public interest and rights are concerned, and where the public or third persons have a claim; *de jure,* that the power shall be exercised."

There is nothing in section 6592, Revised Statutes 1919, nor elsewhere in the prohibition statute, when the whole is considered together and construed in the light of the law as laid down by the Supreme Court in the Hawkins case, that makes it the absolute duty of the county court to issue the permit sought in the cause at bar.  If fundamental rights of the physician and the

217 Mo. App.—27.

individual, who may desire to use ethyl alcohol and wine for medicinal purposes, are transgressed by the denial of the permit sought, there is no redress in this court as we have no jurisdiction of constitutional questions. Our construction is of the statute in the light of the law as we find it. Our writ of mandamus should be denied and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.