

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXX~~PPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Dan W. Jackson
Criminal District Attorney
Houston, T e x a s

Att'n: Palmer Hutcheson, Jr.

Dear Sir:

Opinion No. O-2334
Re: Is the endorser ever liable on a hot
check under Art. 567b, Sections 1, 2
and 3 of the Penal Code? And related
questions.

Your recent request for an opinion of this department on the
questions as are herein stated has been received.

We quote the questions presented in your inquiry as follows:

"Under Art. 567b, Sections 1, 2 and 3, is the endorser
ever liable? If so, is this liability limited to cases where
the endorser can be shown to have had a part in the plan to
pass the check, or may it extend to cases where no such proof
can be made, but where the check is not paid on presentation
and is never paid, up to the time of trial? In other words,
does the presentation of the check for payment, and non-payment
of it, constitute prima facie evidence in the same way that it
does against one who 'draws or gives' the check?"

"When a check, whether given simultaneously with a receipt
of the merchandise or other things for which it is issued, or
given at a later date in payment for such things, is dated with
a date subsequent to the date on which it is actually given and
where this fact is understood by both parties, is the giver of the
check criminally liable under Art. 567b, if the check is later
returned because of insufficient funds, or other similar reason?"

Sections 1, 2 and 3 of Art. 567b of the Penal Code reads as
follows:

"Art. 567b. OBTAINING MONEY, GOODS, ETC., WITH IN-
TENT TO DEFRAUD, BY GIVING OR DRAWING
CHECK, DRAFT OR ORDER WITHOUT SUFFICI-
ENT FUNDS

Section 1. It shall be unlawful for any person, with
intent to defraud, to obtain any money, goods, service,
labor, or other thing of value by giving or drawing any
check, draft, or order upon any bank, person, firm or
corporation, if such person does not, at the time said
check, draft, or order is so drawn, have sufficient
funds with such bank, person, firm or corporation to
pay such check, draft, or order, and all other checks,
drafts, or orders upon said funds outstanding at the
time such check, draft, or order was given or drawn;
provided that if such check, draft, or order is not
paid upon presentation, the nonpayment of same shall
be prima facie evidence that such person giving or
drawing such check, draft, or order had insufficient
funds with the drawee to pay same at the time the said
check, draft, or order was given or drawn and that
said person gave or drew such check, draft or order
with intent to defraud; and provided further that
proof of the deposit of said check, draft, or order
with a bank for collection in the ordinary channels
of trade and the return of said check, draft, or order
unpaid to the person making such deposit shall be prima
facie evidence of presentation to, and nonpayment of
said check, draft, or order by, the bank, person, firm,
or corporation upon whom it was drawn; and provided
further that where such check, draft, or order has been
protested, t he notice of protest thereon shall be ad-
missible as proof of presentation and nonpayment and
shall be prima facie evidence that said check, draft,
or order was presented to the bank, person, firm or
corporation upon which it was drawn and was not paid.

"GIVING OR DRAWING CHECK, DRAFT OR ORDER WITHOUT SUF-
FICIENT FUNDS

Sec. 2. It shall be unlawful for any person, with in-
tent to defraud, to pay for any goods, service, labor,
or other thing of value, theretofore received, by giv-
ing or drawing any check, draft, or order upon any bank,
person, firm, or corporation, if such person does not,
at the time said check, draft, or order is so given or
drawn, have sufficient funds with such bank, person,
firm, or corporation to pay such check, draft, or order,

and all other checks, drafts, or orders upon said funds outstanding at the time such check, draft, or order is not paid upon presentation, the nonpayment of same shall be prima facie evidence that such person giving or drawing such check, draft, or order had insufficient funds with the drawee to pay same at the time the check, draft, or order was given or drawn and that said person gave such check, draft or order with intent to defraud; and provided further that proof of the deposit of said check, draft or order with a bank for collection in the ordinary chan-nels of trade and the return of said check, draft, or order unpaid to the person making such deposit shall be prima facie evidence of presentation to, and nonpayment of said check, draft, or order by, the bank, person, firm, or corporation upon whom it was drawn; and provided further that where such check, draft, or order has been protested, the notice of protest thereof shall be admissible as proof of presentation and nonpayment and shall be prima facie evidence that said check, draft, or order was presented to the bank, person, firm or corporation upon which it was drawn and was not paid.

### "POSSESSION OF PERSONAL PROPERTY SUBJECT TO LIEN, OBTAINED BY CHECK, DRAFT OR ORDER AGAINST INSUFFICIENT FUNDS

Sec. 3. It shall be unlawful for any person, with intent to defraud, to secure or retain possession of any personal property, to which a lien has attached, by the drawing or giving of any check, draft, or order upon any bank, person, firm or corporation, if such person does not, at the time said check, draft, or order is so given or drawn, have sufficient funds with such bank, person, firm, or corporation to pay such check, draft, or order, and all other checks, drafts, or orders upon said funds outstanding at the time such check, draft, or order so given or drawn; provided that if such check, draft, or order is not paid upon presentation, the nonpayment of same shall be prima facie evidence that such person giving or drawing such check, draft, or order had insufficient funds with the drawee to pay same at the time the said check, draft, or order was given or drawn and that said person gave such check, draft, or order with intent to defraud; and provided further that proof of deposit of said check, draft, or order with a bank for collection in the ordinary channels of trade and the return of said check, draft, or order unpaid to the person making such deposit shall be prima facie proof of presentation to, and nonpayment of said check, draft, or order by, the bank, person, firm, or corporation upon which it was drawn;

and provided further that where such check, draft
or order has been protested, the notice of protest
thereof shall be admissible as proof of presenta-
tion and nonpayment and shall be prima facie evidence
that said check, draft, or order was presented to the
bank, person, firm, or corporation upon which it was
drawn and was not paid; and provided further that the
removal of such personal property from the premises
upon which it was located at the time such check,
draft, or order was drawn or given, shall be prima
facie evidence that possession of such property was
retained or secured by the giving or drawing of said
check, draft, or order."

With reference to subdivision 4, Art. 1546, of the Penal Code,
we quote from Tex. Jur., Vol. 39, p.p. 1075, 1076, as follows:

"§ 26.  CHECKS DRAWN BY PERSONS OTHER THAN ACCUSED --
INDORSERS.- While a conviction will not ordinarily
be sustained where the check was drawn by some person
other than the accused, it is not necessary that the
check be drawn or signed by the accused if he had
guilty knowledge of its worthless character.  It has
been said that the statute, although making no speficic
reference to an indorser, is broad enough to cover an
indorser if he was a party to the fraud by connivance,
agreement or conspiracy.  However this may be, it has
been held that an indorser who stated in good faith
that the check was good could not be convicted under
the statute where, on learning that the paper was worth-
less, he deposited sufficient funds in the bank to meet
it before it would be presented in the ordinary course
of business."

JAMES v. STATE, 257 S.W. 886;
MOORE v. STATE, 219 S.W. 1097;
DAWSON v. STATE, 185 S.W. 875.

In answer to your first question, you are respectfully advised
that it is the opinion of this department that the endorser is criminal-
ly liable only in those cases where he was a party to the fraud by con-
nivance, agreement or conspiracy and where the endorser can be shown to
have had a part in the plan to pass the check, draft, or order so drawn,
upon any bank, person, firm or corporation.

In the case of LLOYD v. STATE, 266 S.W. 785, it was held that a
party issuing a check under an agreement not to present the same for pay-
ment, where no more representations were made than implied by delivery

of the check and the request that its presentations be delayed and that there would be no funds in the bank until that date, did not constitute swindling, under Vernon's Annotated Penal Code, 1916, Art. 1422, Subdivision 4, as to obtaining property upon giving a check without reason to believe that it would be paid when presented.

It will be noted that Art. 567b, supra, specifically provides that --

"... it shall be unlawful for any person with intent to defraud ... by giving or drawing any check, draft or order upon any bank, person, firm, or corporation, if such person does not at the time said check, draft, or order is so drawn have sufficient funds with such bank, person, firm, or corporation to pay such check, draft or order, and all other checks, drafts or orders upon said funds outstanding at the time such check, draft or order was so given or drawn ... "

When any person gives a "post-dated" check it is evident that such person does not have sufficient funds on deposit with the bank, firm, person, association or corporation at the time of giving to pay the same.

You are respectfully advised that it is the opinion of this department that when any person gives a post-dated check, draft, or order and where this fact is understood by all parties, the person giving the check, draft, or order is not criminally liable under Art. 567b of the Penal Code, although the check, draft or order is later returned because insufficient funds, or other similar reasons.

We want to thank you for the able brief submitted with your inquiry, which has materially assisted us in answering your inquiry.

Trusting that the foregoing satisfactorily answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Ardell Williams

Ardell Williams
Assistant

APPROVED MAY 31, 1940
s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL
AW:ob:egw

Approved Opinion Committee
By BWB Chairman