## Koch v. Ocean Accident & Guaranty Corp., Limited

June 6, 1950.

J. Ward Lehigh, Judge.

Hottell, Stephenson & Allen for appellant.

Krieger & Huffaker, for appellee.

JUDGE HELM—Reversing.

Appellant, Harry A. Koch, is a general contractor at Louisville. Appellee, The Ocean Accident and Guaranty Corporation, is a corporation authorized to do a general accident insurance business in Kentucky. Appellant appeals from a judgment sustaining a demurrer of appellee to appellant's petition, amended and supplemental petition, and amended and substituted petition, and dismissing the petition.

The Cable Colored Baptist Church, located in Louisville, was damaged by fire on December 16, 1945. The church's fire insurance carrier, Camden Fire Insurance Company, employed appellant to repair the damage. Appellant's employees, in making the repairs, joined a floor joist to a wooden header which replaced a wooden header that had been destroyed by the fire on December 16. Appellant's employees installed the new header so that it was placed in contact with the breast of the chimney of the church. The members of the church built a fire in the furnace to warm the church building for a New Year's eve "watch service" on December 31, 1945. The heat from the fire ignited the wooden header, causing a second fire which damaged the church. The church filed an action against appellant and its employer, the Camden Fire Insurance Company, to recover damages as a result of the fire, alleging that the damage was caused by the negligence of appellant. At a trial a jury returned a verdict for $4,500. After motion and grounds for a new trial, a settlement was reached for $3,000.

On March 21, 1945, for a premium of $26.65, appellee had issued to appellant a manufacturers' and contractors' liability policy, expiring March 21, 1946, a photostatic copy of which is made a part of the record. The policy, under the heading "Insuring Agreements," provides:

"Coverage B—Property Damage Liability

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of

the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined.''

The hazards defined in the policy, so far as applicable, are:

''Definition of Hazards

''Division 1. Premises—Operations. The ownership, maintenance or use of the premises and all operations during the policy period which are necessary or incidental thereto.''

''Division 5. Contractural. Such express undertakings of the named insured as are designated in Item 4 (division 5) of the declaratons.''

The undertakings referred to are:

''Carpentry—N. O. C.

''Carpentry in the construction of dwellings not exceeding three stories in height—including installation of interior trim, builders finish, or cabinet work and the construction of private garages in connection with such structures.''

''Masonry—N. O. C.

''Painting, decorating or paper hanging—N. O. C. —including shop operations—(painting ship hulls, steel structures or bridges to be separately rated).''

The policy further provides:

''It is further agreed that as respects insurance afforded by this policy the company shall * * *

''(b) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *.

*   *   *   *   *   *   *   *   *

''9. Notice of Claim or Suit. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.''

When the church sued appellant and the Camden Fire Insurance Company, appellant sent a copy of the summons to appellee requesting it to defend that action for him. Appellee denied liability on the ground that the burning of the church on December 31, 1945, was not an accident within the meaning of the above policy. After appellant and the Camden Fire Insurance Company had settled with the church, appellant brought this action against appellee seeking to recover $1,000, the limit of liability under its property extension schedule, and to recover one-third of the attorney's fee and court costs allegedly expended by appellant.

As a basis of this cause of action, appellant alleged that his employees, through inadvertence, mistake and by accident, installed the new header so that it was placed in contact with the breast of the chimney of the church, thereby causing the chimney of the church to have a defective flue; that on December 31, 1945, prior to the completion of the work on the church, appellant's workmen, not knowing that the flue of the church had been caused to be defective, gave permission to the minister and trustees of the church to build a fire in the furnace for the purpose of warming the church for watch services; that the members of the church, not knowing of the defective flue, built the fire and "thereby unintentionally and accidently caused the fire from the furnace to ignite the wooden header" and as a result "accidently and unintentionally caused the church to be destroyed by fire."

Appellant maintains that the second fire which damaged the church was an accident within the meaning of the above policy, and that the trial court erred in sustaining appellee's demurer. Appellee maintains that it was not an accident within the meaning of the policy; that it was not a policy to indemnify the appellant against loss arising out of the incompetency of his employees in designing or making repairs to property which created a fire hazard; that it was not a policy to indemnify the appellant against loss arising out of claims based on defective workmanship, design or materials. It appears the trial court, evidently being of the opinion that the placing of the header on the breast of the chimney was intentionally done by appellant's employees, and that the fire was brought about by the incompetency of his employees, and that it was not the result of an accident

within the meaning of the policy, sustained appellee's demurrer.

Reading together the provisions of the policy relating to "Coverage," "Hazards," and "Undertakings" of the contractor, under "Coverage" the policy indemnifies for liability imposed upon the contractor for damages "caused by accident and arising out of the hazards hereinafter defined." One of the "hazards" defined is "use of the premises, and all operations during the policy period which are necessary or incidental thereto." One of the "undertakings" of the contractor which required the use of the premises and operations thereon included carpentry.

Tracing the chain of events, according to the allegations of the petition supported by the policy, an exhibit, we find this situation: As a result of bad carpentry, an operation on the premises, the contractor created a definite hazard. As the result of this hazard, an accident occurred. There is nothing in the policy which requires the accident to take place immediately upon the creation of the hazard or while the contractor's employees are on the premises. The contract may thus be construed as covering the operation on the premises in the performance of a covered undertaking which creates a hazard, out of which an accident arose, causing the destruction of property resulting in the legal liability of the contractor.

The most that can be said in favor of the contention of the insurer is that the language of the policy is susceptible of two interpretations, one of which would result in its liability, the other in its exemption from liability. In 44 C.J.S., Insurance, sec. 297, p. 1166, it is said: "A policy or contract of insurance ordinarily is to be construed liberally in favor of the insured and strictly as against the insurer; or, as more fully stated, if the language employed is ambiguous, or there is doubt or uncertainty as to its meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted."

We have often held that a contract of insurance will be construed strictly against the insurer and liberally in favor of the insured. 11 Ky. Digest, Insurance, Key 146 (3). In accordance with this rule of construction

we are of the opinion that the petition stated a cause of action, and that the trial court should have overruled appellee's demurrer.

The judgment is reversed with directions to over-rule the demurrer, and for proceedings not inconsistent with this opinion.