## Wilson v. Independence Life & Accident Ins. Co.

February 13, 1951.

Chester D. Adams, Judge.

Geo. D. Dorroh for appellant.

Stoll, Keenon & Park for appellee.

JUDGE HELM—Affirming.

Appellant, William Howard Wilson, sought to recover $1087.50 under an accident insurance policy from appellee, Independence Life and Accident Insurance Company. From a judgment entered on a directed verdict, appellant appeals.

The Jolly Trolly Restaurant, "housed in an old street car," is located on a parking lot south of the railroad tracks on Water Street and west of Limestone Street in Lexington. There is a curb on the north side of the parking lot, 2.6 feet from the restaurant, or lunch room, and 3.7 feet from the southernmost rail of the tracks. A refrigerator compressor used by the lunch room is in the space between the lunch room and the curb. A utility pole is also located between the lunch room and the curb, near the front end of the lunch room and about 6 feet from the compressor.

Appellant, a mechanic, was called to repair the compressor. He finished repairing it about 9:15 p. m., October 11, 1948; left his tools beside the compressor and went into the lunch room by the door facing Limestone Street to see if the apparatus was working. About 9:30 p. m., after receiving his pay, he came out the front door and noticed a railroad engine passing. He says: "I came out the door, and as I came out there was an engine just passing by the corner of the building. * * * I saw this steam and there was so much noise, I couldn't tell if there was another train back of that engine or not. I stood there a minute, and when I thought it had gone on by, * * * I stepped down from the curb

there, just like every one else does, and reached back for my tools, and that is when I was struck."

He was struck by a second engine coupled to the first engine. He was knocked down and his left foot was cut off.

Photographs clearly showing the location of the restaurant, utility pole, compressor, curbing, railroad right-of-way and surroundings, and a plat of the premises are in the record. A photostatic copy of appellant's policy is also filed with the record. Part 3, providing payment for certain injuries, including loss of foot and loss of time, is as follows: "(A) By being struck or knocked down or run over while walking or standing in or on a public highway, by any automobile, motorcycle or bicycle or any vehicle propelled by steam, cable, electricity, naptha, gasoline, horse, compressed air or liquid power, (Excluding injuries sustained while working in a Public Highway, or while on a Railroad Right of Way). * * *;"

At the conclusion of all the testimony, the trial court directed a verdict for appellee. Appellant appeals, urging that (1) the court erred in giving a peremptory instruction for the defendant; (2) the decision is not sustained by sufficient evidence; and (3) the verdict is contrary to the law.

Appellant maintains that the exclusion set out in the policy is ambiguous. The policy clearly provides that injuries sustained "while working in a public highway" are excluded, and that injuries sustained "while on a railroad right-of-way" are excluded. Here it is clear from the evidence, and from the photographs and plat filed with the evidence, and especially from the testimony of appellant, who states that he stepped down upon the railroad right-of-way "maybe a foot or foot and a half from the curbing" and was struck by a train, sustained injuries "while on a railroad right-of-way." In support of his position, appellant cites Farmers' Mutual Equity Insurance Society v. Smith, 158 Ky. 459, 165 S. W. 675, L. R. A. 1915B, 844; General Accident, Fire & Life Assurance Corp. v. Louisville Home Telephone Co., 175 Ky. 96, 193 S. W. 1031, L. R. A. 1917D, 952; and Insurance Company of North America v. Cheathem, 221 Ky. 668, 299 S. W. 545.

It is true that if the language of an insurance policy is ambiguous and susceptible of more than one construction, it should be construed most strongly against the insurer who prepared it. But it is not contended that any part of the policy here is ambiguous except the exclusion clause. Examining it we find that the first part of the clause is set off from the second part by a comma, and that a second "while" follows the word "or." That being true, we have injuries sustained "while working in a public highway" excluded, and injuries sustained "while on a railroad right-of-way" excluded. We do not find any ambiguity in the exclusion.

We are constrained to hold that the trial judge properly directed a verdict for the defendant.

The judgment is affirmed.