## SENN'S ADM'X

### v.

## MICHIGAN MUT. LIABILITY CO.

Court of Appeals of Kentucky.

March 26, 1954.

Rehearing Denied May 21, 1954.

Steinfeld & Steinfeld and Edwin H. Stierle, Louisville, for appellant.

Peter, Heyburn & Marshall, Louisville, for appellee.

COMBS, Justice.

This is an appeal from a directed verdict for appellee, Michigan Mutual Liability Company, in an action by the administratrix of the estate of Albert L. Senn, deceased, on a personal accident insurance policy issued by the appellee. The company denied liability on the ground that deceased, the insured, was not riding in an automobile of a private passenger type at the time of his death.

The deceased, Albert L. Senn, was employed by the Great American Tea and Coffee Company as a salesman. His job was to take orders and make deliveries of the company's products to customers on a designated route. In carrying out the purposes of his employment he used a Chevro-

let sedan delivery vehicle which was owned by his employer. The deceased was fatally injured in the course of his employment on October 26, 1950, when this vehicle collided with another automobile near Jeffersonville, Indiana.

The amount involved is $2,000 and the case properly could be handled by us on a per curiam basis under KRS 21.080. But since this court has not heretofore passed on this precise question, we have decided to write an opinion.

The policy in question insured the deceased "against death, dismemberment, loss of sight, or disability resulting directly * * * from bodily injuries sustained through external, violent and accidental means while the insured is driving * * any automobile of the *private passenger type* * * *." (Our italics.)

A sedan delivery vehicle is built on a regular passenger automobile chasis, but the body construction is different. It has two bucket type seats in front, one of which is removable to permit greater space inside the vehicle. There are no seats back of the driver and the space is used for hauling light cargo. There is a single door in the rear to permit access to the interior of the body from the rear. The body is of the same construction as a panel truck but on a smaller scale.

It is contended by appellee that this vehicle is not an "automobile of the private passenger type" within the meaning of the policy. Hence, it is not liable since the policy expressly provides the insured must be injured or killed while riding in such an automobile.

■ It is first contended by appellant that the phrase beginning with "resulting directly by, * * *" in the insuring clause quoted above, modifies its nearest antecedent which is "disability." If this construction is adopted then the company is liable for death or dismemberment regardless of how the accident occurs. If a comma had been placed after "disability" there could be no basis whatever for appellant's contention. But as was stated by this court in

General Accident Fire & Assurance Corp. v. Louisville Home Telephone Co., 175 Ky. 96, 193 S.W. 1031, 1033, L.R.A.1917D, 952, "In the construction of all contracts the endeavor of the courts is to give the contract under investigation such a construction as will comport with the reasonable intent of the parties in making the contract, although this construction may not conform to strict rules of grammar or punctuation." It is also the rule that where an insurance contract is ambiguous or susceptible of different meanings, it will be construed most strongly against the insurer who prepared it. Wilson v. Independence Life & Accident Ins. Co., 314 Ky. 624, 236 S.W.2d 881; Koch v. Ocean Accident & Guaranty Corp., 313 Ky. 220, 230 S.W.2d 893.

■ We do not consider the clause in question to be ambiguous. There is printed on the face of the policy and across the body of the contract itself, these words, "This policy is limited to automobile accidents—Read it carefully." A casual reading of the policy would convince any impartial observer that it applies only to automobile accidents.

It is next alleged by appellant that the vehicle driven by deceased at the time of his death was an automobile of the private passenger type within the meaning of the policy. Numerous cases have been cited by the parties pro and con on this point. We do not regard any of these cases as authority for the proposition that a sedan delivery is or is not a vehicle of the private passenger type.

■ It is our conclusion that the vehicle in question was not of the private passenger type. The manufacturer of the vehicle classified it as a truck, a commercial vehicle. It was licensed in Indiana as a commercial vehicle. The owner of the vehicle purchased it and used it for commercial purposes. The insured had no authority to use it for a private purpose. Although the vehicle might have been used occasionally to haul passengers, it was not primarily a passenger vehicle and such occasional use would not as a matter of law

convert it into a passenger vehicle. Poncino v. Sierra Nevada Life & Casualty Co., 104 Cal.App. 671, 286 P. 729; Paltani v. Sentinel Life Ins. Co., 121 Neb. 447, 237 N.W. 392.

Appellant also alleges as error that the trial judge improperly excluded testimony offered by appellant's witness concerning the use to which sedan delivery vehicles generally are put. We think this testimony was properly excluded. We are concerned here only with this particular vehicle. Whether it was a vehicle of the private passenger type was a question of law and we think the trial judge properly held it was not.

The judgment is affirmed.