41737. ROYAL INDEMNITY COMPANY v. KUHR et al.

HALL, Judge. The plaintiff in this case was the insured under a comprehensive liability policy issued by the defendant to "Home Builders, R. M. Kuhr, d/b/a" as named insured and showing that "Business of the named insured is Contractor." One of the coverages of the policy was "Property Damage Liability—Except Automobile," which provided that the insurer "Agrees with the insured . . . To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."

A petition was filed against the insured which alleged that while the defendant was engaged in making repairs on the peti-

tioner's home he removed part of the roof to place weather-stripping therein and negligently left the roof uncovered; a seasonal rain occurred and damaged the petitioner's property, due to the insured's negligence in failing to protect the roof against rainstorms at a time when a rainstorm could have been foreseen. The insured notified the insurer of the suit but the insurer declined to defend it. The insured retained counsel to defend the suit, and a verdict was rendered against the insured. The insured brings this action against the insurer for the amount of the judgment and expenses incurred in defense of the action, for breach of the insurer's contract obligation to pay the insured's legal liability for damages and to defend the suit. The insurer appeals from the trial court's judgment overruling its general demurrers to the petition of the insured. *Held:*

The term "accident" in liability insurance contracts generally does not include an injury deliberately and wilfully done, but generally covers injuries caused by negligence of the insured. *Aetna Cac. &c. Co. v. Starrett,* 102 Ga. App. 278, 280 (115 SE2d 641); Sontag v. Galer, 279 Mass. 309 (181 NE 182); Travelers Ins. Co. v. Reed Co., (Tex. Civ. App.) 135 SW2d 611, 616; Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co. of N. Y., 116 NYS2d 876, 878; Larsen v. General Cas. Co. of Wisconsin, 99 FSupp. 300, 302 (D. Minn. 151); Knight v. L. H. Bossier, Inc., (La.) 118 S2d 700; 7A Appleman, Insurance Law and Practice, 7, § 4492. Such contracts cover the risks incidental to the occupation in which the insured is engaged, and negligence on the part of the insured which causes or contributes to the injury or damage is not a defense. Cross v. Zurich General Accident & Liability Ins. Co., 184 F2d 609, 611 (7th Cir. 1950); Koch v. Ocean Accident & Guaranty Corp., 313 Ky. 220 (230 SW2d 893); Moore v. Fidelity & Cas. Co. of N.Y., 140 Cal.App.2d 967 (295 P2d 154).

The damages for which the insured became liable in this case were covered by the insurance contract alleged. The trial court did not err in overruling the general demurrers to the petition of the insured.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

Submitted January 6, 1966—Decided January 25, 1966.

*Lewis & Javetz, Harris Lewis,* for appellant.

*Findley, Shea, Gannam, Head & Buchsbaum, Aaron L. Buchsbaum,* for appellee.