**Wallace B. FINN and Kentucky Farm Bureau Mutual Insurance Company, Plaintiffs,**

**and**

**Bible Baptist Church, Inc., Intervening Plaintiff,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Intervening Defendant.**

**Civ. A. No. 79–0005–BG.**

United States District Court,
W. D. of Kentucky,
Bowling Green Division.

August 29, 1980.

Morris Butler, Greensburg, Ky., for plaintiffs.

William J. Rudloff, Bowling Green, Ky., for defendant and intervening defendant.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

Pursuant to the Order which followed the pretrial conference, this action has been submitted to the Court for judgment following the filing of briefs by the parties. This Court has jurisdiction under 28 U.S.C. § 1332 after removal from the Green Circuit Court under the provisions of 28 U.S.C. § 1446.

This action arises out of a collision between an automobile driven by Wallace Finn [Finn] and a church school bus owned by the Bible Baptist Church [the Church] and driven by David Wojack. Finn sued the Church and Wojack in a state court and secured a judgment against both for $35,000. Wojack held a liability policy with State Farm Mutual Insurance Company [State Farm], which denied coverage. The Church also claimed coverage under a separate liability policy issued by State Farm. Finn was insured by Kentucky Farm Bureau Mutual Insurance Company [Kentucky Farm], and Kentucky Farm paid no fault benefits to him under the standard no-fault policy, giving rise to its interest in this litigation.

Wojack assigned all his rights under his State Farm policy to Finn in exchange for a release under the state court judgment. In this action, Finn, as assignee of Wojack, and Kentucky Farm seek to recover from State Farm the $35,000 award. Bible Baptist Church intervened, claiming State Farm is also liable to the Church under its separate policy, or by reason of estoppel since State Farm filed an answer in the state court action on their behalf before withdrawing from the case due to discovery that the Church's policy had lapsed at the time of the accident.

The question which must be resolved first is whether Mr. Wojack's personal policy with State Farm afforded him coverage while he was acting as bus driver for the Church. Wojack was the sole driver of this bus for the eight months prior to the accident. Thus, his bus driving was regular and frequent and of a different nature than the driving insured by his personal auto coverage. The policy is clearly labeled "Automobile Policy" and the normal understanding of that term is unambiguous.

Since the federal jurisdictional base of this case is diversity of citizenship, this Court, under the rule of *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) must follow the rules of law of Kentucky's highest court. The Kentucky Court of Appeals (now Supreme Court) has held that a van built on a regular passenger automobile chassis did not qualify as a "private passenger automobile" under an insurance policy. *Senn's Adm'x v. Michigan Mut. Liability Co.*, 267 S.W.2d 526 (Ky.1954). Similarly, that court held in *Brown v. Banker's Life & Casualty Company*, 531 S.W.2d 488 (Ky.1975) that a pickup truck did not qualify as a "private passenger automobile" under an insurance policy.

Under Mr. Wojack's policy, coverage cannot be extended to this accident unless he was driving a "private passenger automobile." In view of the above cited decisions, this Court cannot interpret the policy to reach this set of circumstances.

Moreover, it is clear from the sequence of events that Wojack himself did not contemplate his automobile policy covered the accident. Rev. Porter, minister of the Church, made the initial report of the accident to State Farm. He was informed that the driver of the bus was the proper person to file the report. Mr. Wojack filed a claim under his personal policy only after: (1) suit had been filed by Finn; (2) State Farm informed the Church its policy had lapsed; and (3) State Farm withdrew its defense of the Church in the state court case. When State Farm undertook to defend the claim made by Finn, they did so under the Church's policy. Indeed, the letter to Mr. Wojack from State Farm informing him of their participation in the suit lists only the Bible Baptist Church as the insured. [Exhibit 1 to Faulkner deposition]. In view of the above mentioned rules of law and the factual setting of this claim, the Court must hold that Mr. Wojack's policy did not extend to liability arising out of his operation of the bus.

■ This brings us to the question of whether intervening plaintiff Bible Baptist Church has a claim against State Farm. Again, the answer must be no. It is uncontroverted that the Church's policy had lapsed. Shortly after the accident, but well before the first Finn suit was filed, the Church applied for a new policy after being informed that the policy covering the bus involved in the accident had lapsed for more than 30 days.

Had the withdrawal of State Farm after filing an answer in the original suit prejudiced Wojack or the Church in the defense of that suit, equity could well require a different outcome. *Western Casualty & Surety Company v. City of Frankfort,* 516 S.W.2d 859, 861 (Ky.1974). However, it is not disputed that the Church and Wojack were fully and ably represented in the original action. They lost on the merits. Their liability cannot now be shifted to State Farm.

An appropriate order accompanies this opinion.