RENDERED:  OCTOBER 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1166-MR

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,
FORMERLY KNOWN AS DARWIN
NATIONAL ASSURANCE
COMPANY                                                                      APPELLANT


|   | APPEAL FROM FRANKLIN CIRCUIT COURT |
|---|---|
| v. | HONORABLE THOMAS D. WINGATE, JUDGE |
|   | ACTION NO. 16-CI-00446 |


BOARD OF REGENTS OF
KENTUCKY STATE UNIVERSITY
AND KENTUCKY STATE
UNIVERSITY                                                                     APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

## INTRODUCTION

CALDWELL, JUDGE:  Allied World Specialty Insurance Company (hereinafter, "Allied World") has appealed from the Franklin Circuit Court order granting Kentucky State University's (hereinafter, "KSU") motion for partial summary judgment which adjudged that a contract between the parties provided coverage for a claim filed by Sirrethia Fox, a former KSU employee.  Having reviewed the order below, the briefs of the parties, and the applicable law, we affirm the trial court.

## STATEMENT OF FACTS

KSU had executed contracts for management liability insurance with Appellant Allied World for the period of July 1, 2012, to July 1, 2013, and had renewed that coverage for the period of July 1, 2014, to July 1, 2015.  Both policies contained limitations on claims, intending to limit claims to those having arisen during the term of the policy and having been reported to the insurer per the terms of the contract:  "limited to liability for only those claims[1] that are first made against the insured during the policy period and reported in writing to the insurer pursuant to the terms herein."  Further, the policy required that the insured inform

_____

[1] Claims were defined in the policy, in part, as "(2) judicial, administrative, or regulatory proceeding, whether civil or criminal for monetary, non-monetary or injunctive relief commenced against an Insured . . . (4) notification of an investigation of an Insured by the Equal Employment Opportunity Commission (EEOC) or similar governmental agency commenced by the filing of a notice of charges, formative investigative order or similar document."

the insurer of extant claims no more than ninety days from the end of the policy period.[2] The policy also had a "related claims" provision, which defined such term as "all Claims for Wrongful Acts based upon, arising out of, or in consequence of the same or related facts, circumstances, situations, transactions, or events or the same or related series of facts, circumstances, situations, transactions, or events."[3] The gravamen of this case concerns this last provision; the case boils down to whether the earlier policy covers the allegations contained in Fox's complaint as a related claim to a claim timely filed by former KSU police chief Stephanie Bastin against KSU and of which KSU timely notified Allied World.

On May 7, 2013, Stephanie Bastin filed a complaint in Franklin Circuit Court alleging her rights under the Kentucky Whistleblower Act (KRS[4] 61.102 and 61.103) and the Kentucky Civil Rights Act (KRS Chapter 344, *et seq.*) had been violated by KSU during her employment and through the termination of her employment. One of Bastin's allegations concerned her handling of the allegations of KSU police officer Sirrethia Fox. Fox advised Bastin as chief that her supervisor, Officer Bryant Bowles, was sexually harassing her. When Bastin

---

[2] "Notwithstanding the above, in no event shall such notice of any Claim be provided to the Insurer later than ninety (90) days after the end of the Policy Period."

[3] 2012-2013 policy between the parties, General Terms and Conditions, at Section II, paragraph F.

[4] Kentucky Revised Statutes.

informed her superiors of the allegation and requested assistance in the proper handling of the concern, she was denied any assistance and no investigation or action was taken in relation to the allegation of sexual harassment until Fox herself notified KSU of Bowles' harassment of her.[5] Bastin was soon terminated, and it was her allegation that her termination was prompted, at least in part, by her reporting the allegation of sexual harassment by Bowles of Fox. She further alleged that persons of significant authority at KSU were kindly disposed to Bowles and failed to take any action so as to protect him. Allied World provided coverage to KSU in reference to the Bastin claims.

On April 27, 2016, Sirrethia Fox filed a complaint in Franklin Circuit Court against the Appellee, KSU, alleging retaliation and gender discrimination in violation of the Kentucky Civil Rights Act. Fox had been employed as a patrol officer for the KSU Police since 2003. In her complaint, she alleged that her newly appointed supervisor, Bryant Bowles, subjected her to discrimination because of her gender and retaliated against her for making an allegation of sexual harassment to his supervisors. The complaint alleged that the acts complained of occurred beginning in 2012, but continued until at least early 2014. One of the claims related to Fox's allegation of sexual harassment by Bowles, her reporting of it to

---

[5] After Fox notified KSU of the harassment, the allegations were investigated, and Bowles' employment was ultimately terminated.

Bastin, and her status as a material witness in relation to Bastin's allegations of wrongful termination.

Upon receiving the Fox complaint, KSU provided notice of the claim to Allied World. Allied World promptly denied coverage on the basis that the claims period had ended July 1, 2013, and the insurer had not been notified of the claim within ninety days of the end of the policy term.

Cross motions for summary judgment were filed in the Franklin Circuit Court, the forum in which both civil complaints were filed. The trial court denied Allied World's motion and granted KSU's motion for summary judgment, finding that the Fox claims were "related" to the Bastin claims.

> In this case, the Court cannot logically separate the Fox and Bastin claims as unrelated events. The policy defines claims as those "for wrongful acts based upon, arising out of, or in consequence of the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events." Fox, in large part, as outlaid in the initial complaint and litigation of this case, was a witness in support of Bastin's claim, and Bastin opposed the sexual harassment Fox received from another officer. Bastin's termination, in large part, resulted from her intervention in Fox's sexual harassment allegations, which comprise a large portion of Fox's claims against the University. The claims are clearly related claims, and to hold otherwise would deny the insured and insurer the benefit of their contractual agreement[.]

It is from this finding that Allied World now appeals.

## STANDARD OF REVIEW

Appellate courts employ a *de novo* standard of review when a litigant questions whether a trial court ruled appropriately on a motion for summary judgment. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019). In the seminal case of *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, the Kentucky Supreme Court explained that "the proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." 807 S.W.2d 476, 480 (Ky. 1991). In determining a summary judgment motion, the trial court must view the facts "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor" and in so doing must examine the proof to ensure that no real issue of material fact exists. *Id.*

## ANALYSIS

The Appellant argues that the trial court incorrectly determined that the claims of Sirrethia Fox were "related claims" under the terms of the insurance contract between the parties and so granted the Appellee's motion for summary judgment. We agree with the trial court.

Under the clear terms of the contract *drafted by the Appellant*, if a subsequent claim is "arising out of, or in consequence of the same or related facts,

circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events," of an already-filed claim, that subsequent claim is then to be considered a "related claim" and thus relates back to the first claim filed. In the present case, the first claim filed was the claim filed by Bastin.

"Arising out of" is an insurance contract term which has been the subject of considerable litigation. The opinions of this Court and the Kentucky Supreme Court can be distilled to requiring a finding of a "causal connection" between two events which indicates interdependence for a finding of satisfying the term. "The term 'arising out of the use of' implies a causal connection. We so decided in *United States Fidelity and Guaranty Company v. Western Fire Insurance Co.*, Ky., 450 S.W.2d 491 (1970)." *State Farm Mut. Auto. Ins. Co. v. Rains*, 715 S.W.2d 232, 234 (Ky. 1986). Thus, if Fox's claim is interdependent upon Bastin's claim, the former arises out of the latter and they are causally connected and interdependent. We find that they are so connected.

The claims are inseparable. Fox's allegations include that because she was a witness concerning Bastin's claim, she was retaliated against by superiors at KSU. On the other hand, Bastin alleged that it was her reporting of the sexual harassment Fox suffered which caused the beginning of her end as chief of the KSU police force, and her termination was in retaliation for her reporting of the

-7-

harassment suffered by Fox and her insistence that ameliorative action be taken in response to the allegations.

Not only do the facts and case law compel us to find that the Bastin and Fox claims are related, but so do the terms of the insurance contract, drafted by the Appellant. Case law requires that terms of a contract be interpreted in favor of the insured when there could be multiple interpretations of terms in a contract.

> In summary, we recognize that the exclusionary provisions addressed herein may be subject to more than one good faith interpretation. As there is little controlling Kentucky authority, an effort has been made to join the mainstream of American law with respect to construction and interpretation of these policy provisions. However, as to the manner of construction of insurance policies, Kentucky law is crystal clear that exclusions are to be narrowly interpreted and all questions resolved in favor of the insured. *Koch v. Ocean Accident & Guaranty Corp.*, 313 Ky. 220, 230 S.W.2d 893 (1950); *Webb v. Kentucky Farm Bureau Ins. Co.*, Ky. App., 577 S.W.2d 17 (1978). Exceptions and exclusions are to be strictly construed so as to render the insurance effective. *State Automobile Mutual Ins. Co. v. Trautwein*, Ky., 414 S.W.2d 587 (1967); *Davis v. American States Ins. Co.*, Ky. App., 562 S.W.2d 653 (1977). Any doubt as to the coverage or terms of a policy should be resolved in favor of the insured, *Aetna Life & Casualty Co. v. Layne*, Ky., 554 S.W.2d 407 (1977). And since the policy is drafted in all details by the insurance company, it must be held strictly accountable for the language used. *Wolford v. Wolford*, Ky., 662 S.W.2d 835 (1984).

*Eyler v. Nationwide Mut. Fire Ins. Co.*, 824 S.W.2d 855, 859-60 (Ky. 1992).

It is black-letter law that terms of a contract are construed against the drafter, and insurance claims are no different. In reaching this interpretation, we also follow the doctrine of "*contra proferentem*: When interpreting contracts susceptible to two meanings, we construe ambiguity against the drafter[.]" *Majestic Oaks Homeowners Association, Inc. v. Majestic Oaks Farms, Inc.*, 530 S.W.3d 435, 441 (Ky. 2017) (citing *B. Perini & Sons v. Southern Ry. Co.*, 239 S.W.2d 964, 966 (Ky. 1951)). *Maze v. Bd. of Directors for Commonwealth Postsecondary Educ. Prepaid Tuition Tr. Fund*, 559 S.W.3d 354, 367 (Ky. 2018). However, we find that it is a stretch for the Appellant to argue that their interpretation of their own contract terms is a logical interpretation.

> When no ambiguity exists in the contract, we look only as far as the four comers of the document to determine that intent. *See 3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005). "The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002).

*Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699, 703 (Ky. 2006), *as modified on denial of reh'g* (Mar. 22, 2007).

We are required to interpret insurance contracts liberally, with an eye towards making coverage effective:

> (1) the contract should be liberally construed and all doubts resolved in favor of the insureds; and (2) exceptions and exclusions should be strictly construed to make insurance effective.
>
> *Kentucky Farm Bureau Mutual Insurance Co. v. McKinney*, 831 S.W.2d 164, 166 (Ky. 1992), quoting *Grimes v. Nationwide Mutual Insurance Co.*, 705 S.W.2d 926 (Ky. App. 1985) and *Tankersley v. Gilkey*, 414 S.W.2d 589 (Ky. 1967).

*K.M.R. v. Foremost Ins. Grp.*, 171 S.W.3d 751, 753 (Ky. App. 2005).

The party seeking exclusion bears the burden of persuasion that a claim is not covered under a policy. In this case, then, the Appellant must provide a cognizable argument that the two claims, one of which would not exist without the other, are not related and "arising" one out of the other. It is simply impossible for the Appellant to argue that the Fox claim concerning retaliation for being a witness in Bastin's claim for termination is not related to Bastin's claim when Bastin's claim for termination is based, in large measure, on her handling of Fox's claim of having been sexually harassed by her superiors and Bastin's underling. Clearly, these claims satisfy the Appellant's own definition of related claims: "all Claims for Wrongful Acts based upon, arising out of, or in consequence of the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events."

## CONCLUSION

We find that the claims forwarded by Bastin and Fox are so interrelated as to be inseparable, thus satisfying the terms of the policy contract that related claims shall be considered to be a unitary claim. Thus, Fox's claim relates back to the filing of Bastin's claim. Allied World has never claimed Bastin's claim was not timely or that KSU did not notify the insurer timely of the existence of the Bastin claim. The Franklin Circuit Court is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

B. Todd Thompson
Chad O. Propst
Ian C. B. Davis
Louisville, Kentucky


ORAL ARGUMENT
FOR APPELLANT:

Chad O. Propst
Louisville, Kentucky

BRIEF FOR APPELLEE:

M. Austin Mehr
Erik D. Peterson
Philip G. Fairbanks
Lexington, Kentucky


ORAL ARGUMENT
FOR APPELLEE:

Erik D. Peterson
Lexington, Kentucky